**CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS, AFL–CIO, Appellee,**

v.

**Robert E. ANDERSON and Richard E. Anderson d/b/a Anderson Cabinets, Appellants.**

**No. 79–1724.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1980.

Decided April 25, 1980.

Edwin P. Harrison, Clayton, Mo., filed brief for appellants.

Gerald Kretmar, Levin & Weinhaus, St. Louis, Mo., filed brief for appellee.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON, Senior District Judge.*

HENLEY, Circuit Judge.

Appellants Robert E. Anderson and Richard E. Anderson appeal from a judgment of the United States District Court for the Eastern District of Missouri ordering them to comply with the Opinion and Award issued May 13, 1979 by Arbitrator Merton C. Bernstein. The appellants' sole contention is that the arbitrator exceeded his authority. Finding this argument without merit, we affirm.

The appellants are joint owners of a small cabinet manufacturing company known as Anderson Cabinets (Company) which does business principally in St. Louis, Missouri. Although the Company, at the time of this dispute, had only nine employees, most of whom were related to the Andersons, the employees were represented by the Carpenters' District Council of Greater St. Louis, AFL–CIO (Union). In May, 1975 the Union entered into a collective bargaining agreement which provided in part that discharge of an employee must be for cause, Article VIII, Section 5(E), and that all disputes between the Union and the employer would be subject to arbitration if the parties could not achieve a settlement, Article XI.

The present controversy stems from an incident which occurred on March 15, 1979. On that day, two of the Company's employees, Shirley Selby and Donna Thien, were responsible for the finishing stages of the cabinet production process including insuring that the goods were free of paint and other foreign matter. As the cabinets moved through the "production line," Selby and Thien noticed that the preceding workman had left excessive amounts of paint on the cabinets. Believing that this workman's failure to follow his usual practice of wiping excess paint off the cabinets was part of ongoing harassment because of their support of the Union, the two women eventually objected to cleaning the paint from the cabinets. Because of this incident, Richard E. Anderson decided to discharge Shirley Selby and Donna Thien from their employment.

Later that day, the two women filed grievances protesting their discharge and the Union was contacted. After the parties failed to resolve the dispute, the Union invoked arbitration pursuant to the collective bargaining agreement. The Company, however, refused to arbitrate and the Union instituted suit in federal district court to compel arbitration.

---

* The Honorable William C. Hanson, United States Senior District Judge, Southern District of Iowa, sitting by designation.

Thereafter the parties entered into a Stipulation in which the Union agreed to dismiss the action against the Company with prejudice and the Company agreed to submit the grievances to arbitration. In accordance with the terms of the Stipulation, the parties selected Merton C. Bernstein as arbitrator. The arbitrator found the defendants did not have just cause to discharge either grievant and ordered their reinstatement with full back pay from March 15, 1979, less one day's pay in the case of Ms. Thien. The Company refused to abide by the arbitrator's award and the Union filed suit in federal district court to enforce the arbitration award. The Company, however, claimed the arbitrator exceeded his authority. The district court found for plaintiff and ordered the Company to comply with the arbitrator's award.

On appeal the Company again argues that the arbitrator exceeded his authority. The Company in essence contends that the collective bargaining agreement provides that discharge is the sole remedy for employee misconduct and thus the arbitrator's award does "not draw its essence from the agreement." *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960).

The collective bargaining agreement, while not expressly mentioning any lesser form of punishment for employee misconduct, nowhere limits the arbitrator's authority to fashion a remedy when he finds that there has been no "justifiable cause" for an employee discharge. In some circumstances it has been said that absent such limits, the arbitrator should be given broad authority in formulating remedies. *United Steelworkers v. Enterprise Wheel & Car Corp., supra*, 363 U.S. at 597, 80 S.Ct. at 1361; *Anaconda Co. v. Great Falls Mill & Smeltermen's Union No. 16*, 402 F.2d 749, 752–53 (9th Cir. 1968).

Dispositive of this case, however, is the fact that the arbitrator's Opinion and Award were made pursuant to a separate Stipulation. The Stipulation provided that the arbitrator should decide whether or not the defendant company had cause to discharge the employee, and, if not, the arbitrator should fashion an appropriate remedy. When the parties execute such a Stipulation in anticipation of arbitration, courts have held that the stipulation is binding. *H. K. Porter Co. v. United Saw, File & Steel Products Workers*, 406 F.2d 643, 648 (3d Cir.), *cert. denied*, 395 U.S. 964, 89 S.Ct. 2105, 23 L.Ed.2d 749 (1969); *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 809 (2d Cir.), *cert. denied*, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). So even if the arbitrator may have exceeded his authority under the collective bargaining agreement, the Stipulation gave him authority to order reinstatement and back pay. Thus, it is clear that the award was authorized and that the judgment of the district court should be, and it is, affirmed.