**CONCORD GENERAL MUTUAL
INSURANCE COMPANY**

v.

**NORTHERN ASSURANCE
COMPANY, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1991.
Decided Feb. 13, 1992.

Philip K. Hargesheimer, Platz & Thompson, Lewiston, for plaintiff.

James D. Poliquin, Norman, Hanson & Detroy, Portland, David C. King, Gail Fisk, Malone, Rudman & Winchell, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Concord General Mutual Insurance Company (Concord) appeals a judgment of the Superior Court (Cumberland County, *Alexander, J.*) denying its application to vacate an arbitration award and confirming that award. Concord contends that the court erred in denying its application to vacate the award and denying it an opportunity to hold a testimonial hearing. Finding no error or abuse of discretion, we affirm.

Concord and defendants Northern Assurance Company (Northern) and Allstate Insurance Company (Allstate) were involved in settling claims arising out of a November 1987 automobile accident in Hermon. Northern tentatively agreed to pay $80,000 and Allstate tentatively agreed to pay $20,000 of the $100,000 claim. Unable to bring the matter to a final conclusion among themselves, they submitted the issue of coverage to an arbitration panel pursuant to the insurance industry's "Special Arbitration Agreement," of which each company is a signatory. Despite the fact that Concord's attorney stated that he was unable to attend the arbitration hearing, one of the three assigned arbitrators, Cynthia DeLong, an employee of Hanover Insurance Company (Hanover), denied the attorney's request to postpone the hearing because the case had been pending for a long time. Gloria Donovan, a claims supervisor for Concord, attended the hearing to represent Concord.

At the arbitration hearing, of which there is no record, Northern offered into evidence a recent deposition of a witness, Winston McTague, Jr. In the deposition, McTague apparently recanted statements he had made earlier about who actually owned the car involved in the accident. Concord had not been able to attend McTague's deposition to cross-examine him and had not had an opportunity to review the deposition transcript prior to the arbitration hearing. At the conclusion of the hearing, Donovan overheard a conversation between arbitrator DeLong and Northern's attorney that revealed that Northern's attorney represented Hanover on other business.

The arbitration panel subsequently decided the coverage issue against Concord. That decision required Concord to pay the entire $100,000 liability. Concord did not move for findings of fact and conclusions of law, and made no effort to bring to the attention of the arbitration panel the charge made in its petition to vacate the award, namely, that an arbitrator was biased.

Pursuant to 14 M.R.S.A. §§ 5942 and 5938 (1980),[1] Concord made a timely application to the Superior Court to vacate the arbitration award. Concord alleged that it was improperly refused postponement of the arbitration hearing, *see* 14 M.R.S.A. § 5938(1)(D), that the McTague deposition was improperly admitted and considered at the hearing by the arbitration panel, *see id.,* and that arbitrator DeLong displayed "evident partiality" prejudicing Concord's rights. *See* 14 M.R.S.A. § 5938(1)(B). Concord submitted two affidavits along with its application, and moved for a testimonial hearing.[2] After a nontestimonial

1. 14 M.R.S.A. § 5938 (1980) provides in pertinent part:

   **1. Vacating award.** Upon application of a party, the court shall vacate the award where:
   ....
   **B.** There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
   ....
   **D.** The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material

to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 5931, as to prejudice substantially the rights of a party; ...

2. The first affidavit, that of Concord's attorney, concerns the refusal to postpone the hearing and the reasons why Concord was not present at the deposition of Winston McTague, Jr. The other affidavit, that of Gloria Donovan, the claims supervisor for Concord who attended the arbitration hearing, concerns the admission of the McTague deposition at the arbitration hearing and the conversation between arbitrator De-

# 472

hearing, the court denied the motion for a testimonial hearing, denied the application to vacate the arbitration award, and confirmed the award. This appeal followed. *See* 14 M.R.S.A. § 5945(1)(C) (1980).

## Denial of Motion to Present Testimonial Evidence

An application to vacate an arbitration award shall be made "by motion and shall be heard in the manner ... provided by law or rule of court for the making and hearing of motions." 14 M.R.S.A. § 5942. The court has the discretion to receive evidence on motions by affidavit, deposition, or oral testimony. M.R.Civ.P. 43(e).[3] We review the court's decision not to hear testimony only for abuse of discretion. *Smith v. Kennard,* 496 A.2d 660, 663 (Me.1985); *see Higgins v. Higgins,* 370 A.2d 670, 674 (Me.1977). Concord contends that the court abused its discretion in denying it a testimonial hearing because doing so effectively deprived it of its statutory right of review. That contention is unpersuasive.

Through affidavits, memoranda of law, and oral argument in support of its motion for a testimonial hearing, Concord had an adequate opportunity to proffer evidence that would have demonstrated the need for a testimonial hearing. A party is not entitled to a testimonial hearing on a motion to vacate or to confirm an arbitration award in the absence of a showing that such a hearing will disclose relevant facts not otherwise before the court in affidavit form. Although Concord may have desired to call as witnesses the participants in the arbitration proceeding, it made no proffer as to how that evidence would differ from the affidavits the court considered. In its memorandum submitted to the Superior Court in support of the motion for a testimonial hearing, it specifically referred only

to the testimony of its attorney and Gloria Donovan, both of whom submitted detailed affidavits. Because Concord failed to demonstrate the need for a testimonial hearing, the court's denial of Concord's motion was not an abuse of discretion.

## Denial of Motion to Vacate

An arbitrator's award will be confirmed unless a motion to vacate, modify, or correct is made. 14 M.R.S.A. § 5937 (1980). Concord has the burden of proving one of the specific grounds requiring the Superior Court to vacate. *See R.C. Audette & Sons, Inc. v. LaRochelle,* 373 A.2d 1226, 1228 (Me.1977). We must uphold the Superior Court unless it was compelled to vacate the award. *Luce Co. v. Hoefler,* 464 A.2d 213, 215 (Me.1983). The grounds to vacate the award alleged by Concord here are "evident partiality" of one of the arbitrators (14 M.R.S.A. § 5938(1)(B)), and substantial prejudice of its rights resulting from the denial of its request for a postponement and the introduction of the McTague deposition (14 M.R.S.A. § 5938(1)(D)).

Without providing the arbitration panel with the opportunity to address the claim of partiality, Concord contends that arbitrator DeLong was not impartial because her employer, Hanover, retained Northern's attorney to do insurance company defense work on a matter wholly unrelated to this.[4] Without more of a showing, the Superior Court was not compelled to find "evident partiality." Furthermore, given the record before it, the Superior Court was not compelled to conclude that the refusal of the arbitrator to postpone the hearing and the allowance by the panel of the McTague deposition were not within the very broad discretion afforded arbitrators. *See generally Westbrook School*

---

Long and Northern's attorney about the attorney's representation of Hanover on another matter.

**3.** M.R.Civ.P. 43(e) provides:

When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter

be heard wholly or partly on oral testimony or depositions.

**4.** At the hearing before the Superior Court, the parties stipulated on the record that the law firm representing Concord also represented arbitrator DeLong's employer, Hanover Insurance, on other matters as well.

*Comm. v. Westbrook Teachers Ass'n,* 404
A.2d 204, 206–09 (Me.1979).

The entry is:

Judgment affirmed.

All concurring.