**AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES, COUNCIL 93**

v.

**CITY OF PORTLAND.**

Supreme Judicial Court of Maine.

Argued Feb. 5, 1996.
Decided April 24, 1996.

Stephen P. Sunenblick (orally), Sunenblick, Reben, Benjamin & March, Portland, for Plaintiff.

Linda D. McGill (orally), Moon, Moss, McGill & Bachelder, P.A., Portland, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

American Federation Of State, County, And Municipal Employees, Council 93 appeals and the City of Portland cross-appeals from a judgment entered in the Superior Court (Cumberland County, *Bradford, J.*) confirming an arbitration award. The Union contends that the arbitrator exceeded his power in ordering an employee reinstated without back pay or benefits. The City contends that the court erred in denying its motion for attorney fees. We affirm the judgment.

Tony Ouellette, employed as a parking control officer by the City of Portland, was fired because he was observed working at his store when he was being paid by the City. Ouellette grieved his termination and, pursuant to the collective bargaining agreement,[1]

1. Article 30.2 of the Agreement provides that: "Any disciplinary action imposed upon an employee may be processed as a grievance through the regular grievance procedure and the Union shall have the right to take up matters of suspension, demotion or discharge at Step 9.1.3 of the procedure." Article 9.1.5, the final step in the grievance procedure, provides that "[T]he Union

the grievance was submitted by the Union to arbitration.

The arbitrator found that Ouellette was spending more time at his store than the Agreement and/or any Parking Division policy allowed. Pursuant to the Agreement Ouellette was entitled to a fifteen minute break in the morning and afternoon in addition to his lunch hour. The arbitrator determined that Ouellette was spending an average of an additional 8 to 16 minutes off the job each time he had been observed at his store. Because Ouellette's violations were sanctioned by his supervisor and because the City failed to prove by clear and convincing evidence that Ouellette was spending "excessive" amounts of City time on personal business, the arbitrator concluded that the City lacked just cause to terminate him. The arbitrator also found, however, that Ouellette had "not been exonerated." Thus the arbitrator ordered Ouellette reinstated but without back pay or benefits.

The Union moved to vacate the arbitration award, pursuant to 14 M.R.S.A. § 5938 (1980), and the City moved to confirm it pursuant to 14 M.R.S.A. § 5937 (1980). The City also sought its costs and attorney fees. The court confirmed the award, reasoning that the arbitrator's remedy was rationally derived from the Agreement, and denied the City's motion for costs and attorney fees.

■■■ We must uphold the court's confirmation of an arbitration award unless it was compelled to vacate the award. *Concord Gen. Mut. Ins. Co. v. Northern Assurance Co.*, 603 A.2d 470, 472 (Me.1992). The Union bears the burden of proving one of the specified grounds requiring the court to vacate the arbitration award. *Id.* The Union alleged that the arbitrator exceeded his power in fashioning the remedy. 14 M.R.S.A. § 5938(1)(C). The standard for determining whether an award exceeds an arbitrator's power is an extremely narrow one. *City of Lewiston v. Lewiston Firefighters Ass'n, IAF, Local No. 785*, 629 A.2d 50, 52 (Me. 1993). We will uphold an arbitrator's award if any rational construction of the agreement

could support the award. *Id.* The agreement must be broadly construed and all doubts will generally be resolved in favor of the arbitrator's authority. *Caribou Bd. of Educ. v. Caribou Teachers Ass'n*, 404 A.2d 212, 215 (1979). Regardless of how we might interpret an agreement, an arbitrator does not exceed his authority if the arbitrator's interpretation, even if erroneous, nevertheless was rationally derived from the agreement. *Maine State Employees Ass'n v. State, Dep't of Defense*, 436 A.2d 394, 397 (Me.1981). In reaching a conclusion, however, arbitrators may not travel outside the agreement. *Id.* (citation omitted). If they did so, they would not be interpreting and applying the collective bargaining agreement. *Id.* Rather, they would be basing their conclusion on their own individual concept of justice in the particular area involved. *Id.* An arbitrator does not have unfettered discretion and may not fashion a remedy that directly contradicts the language of the agreement. *Eastern Me. Medical Ctr., Inc. v. Maine State Nurses Ass'n*, 866 F.Supp. 607, 609 (D.Me 1994).

■ The Union contends that the arbitrator exceeded his power in fashioning a remedy that effectively imposes a 20 month suspension without pay or benefits although finding that there was no just cause for termination. It contends that having determined that Ouellette's conduct was not outside the expected discipline progression and thus immediately susceptible to discharge, the arbitrator was constrained to fashion a remedy consistent with the progressive disciplinary step for a first time infraction.

Article 7.1 of the Agreement provides that: "The Union acknowledges the right of the City to make such rules and regulations governing the conduct of its employees as are not specifically inconsistent with the provisions of this Agreement." Consistent with the Agreement and the City's personnel policies Administrative Regulation 25 provides that just cause shall be the basis for imposing discipline and sets forth a progressive discipline policy that is "a system of escalat-

... may request in writing that the matter be submitted to arbitration.... Said Arbitrator shall have no authority to add to, subtract from

or modify the provisions of this Agreement.... [and] [t]he arbitrator's decision shall be final and binding upon the parties hereto."

ing penalties made known to employees in advance and imposed with increasing severity for repeated infractions." [2] The Regulation provides that the disciplinary stages are: (1) oral warning, (2) written warning, (3) disciplinary suspension, and (4) dismissal. The Regulation also explains that "certain employee actions are generally held to be outside the expected progression, *e.g.* stealing, fighting, [and] dishonesty ... are commonly recognized as subject to immediate discharge by the City."

The arbitrator in the instant case stated that "this case is about the theft of time ... a dischargeable offense under almost all circumstances" but then determined that this case provided an exception for several reasons, the foremost being that the City failed to establish Ouellette's culpability to the extent alleged. In its award the arbitrator ordered Ouellette reinstated but without back pay. Implicit in this award is the arbitrator's determination that the City may have had just cause to suspend Ouellette, a discipline outside the expected discipline progression, but did not have just cause to discharge him. *See Department of Transp. v. Maine State Employees Ass'n*, 610 A.2d 750, 752 (Me.1992) (confirming an award that contained an implicit finding of just cause to reprimand but not to discharge the employee). Neither the Agreement nor Administrative Regulation 25 requires that if the arbitrator finds no just cause for termination the discipline imposed *must* start with an oral warning, the first disciplinary stage. Having determined that the City had just cause to discipline Ouellette outside the expected progression, although not terminate him, the arbitrator could fashion a remedy imposing a suspension.

■ Absent an express provision to the contrary, it must be assumed that the parties did not intend the arbitrator to go beyond the contract. *Westbrook Sch. Comm. v. Westbrook Teachers Ass'n*, 404 A.2d 204, 208–209 (Me.1979). In the instant case, however, by their joint submission of the issue the parties invited the arbitrator to determine his own remedy. The agreed issue submitted to the arbitrator was the following: "Was there just cause to terminate the grievant, Mr. Ouellette? If not, what shall be the remedy?" A judicial challenge to an arbitrator's authority requires the reviewing court to consider both the agreement and the arbitral submission. *Eastern Me. Medical Ctr., Inc.*, 866 F.Supp. at 609. Viewed against the Agreement and the joint arbitral submission, the award was within the consensual delegation of arbitral authority. *See High Concrete Structures, Inc. v. United Elec., Radio and Mach. Workers of Am., Local 166*, 879 F.2d 1215, 1218–19 (3d Cir.1989) (parties may agree to authorize an arbitrator to go beyond the terms of the agreement by submitting specific issues to arbitration); *Carpenters' Dist. Council v. Anderson*, 619 F.2d 776, 778 (8th Cir.1980) (even if arbitrator exceeded his power pursuant to the agreement, the parties' submission gave him authority to order reinstatement and back pay). Having agreed to the submission the Union cannot claim that the arbitrator exceeded his authority because the remedy was not what it had desired. *Larocque v. R.W.F., Inc.*, 8 F.3d 95, 97 (1st Cir.1993).

■ The Union next contends that the remedy violates an explicit public policy to base discipline on just cause and impose it in a fair and reasonable manner pursuant to rules and regulations. It has failed, however, to establish that the arbitration award violates public policy that is affirmatively expressed or defined in the laws of Maine. *Department of Transp. v. Maine State Employees Ass'n. SEIU Local 1989*, 606 A.2d 775, 777 (Me.1992).

■ The City contends that the court erred in denying its motion for attorney fees in defending the Union's motion to vacate the arbitration award. A court's determination on an award of attorney fees is reviewed for an abuse of discretion. *McCain Foods, Inc.*

---

**2.** Article 30.1 of the Agreement provides that: "[n]o employee shall be discharged, demoted, or suspended except for just cause...." Article III(C) of the City's personnel policies and procedures also states that: "discipline of permanent employees may be taken for just cause and will be imposed in a fair and reasonable manner pursuant to rules and regulations promulgated by the City Manager."

*v. Gervais,* 657 A.2d 782, 784 (Me.1995). The court's denial of the City's motion for attorney fees does not constitute an abuse of discretion. The court properly found that there was a good faith basis for the Union's motion to vacate the arbitration award.[3]

The entry is:

Judgment affirmed.

All concurring.

---

**3.** The City also requests that we award its costs and attorney fees on appeal. Pursuant to M.R.Civ. 76(f) we may award treble costs and reasonable expenses, including attorney fees, to the appellee if we determine that the appeal is "frivolous or instituted primarily for the purpose of delay." We exercise this power to sanction "only in egregious cases." *Rich v. Fuller,* 666 A.2d 71, 77 (Me.1995). This is not such a case.