MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2017 ME 106
Docket:      BCD-16-466
Argued:      May 12, 2017
Decided:     May 30, 2017

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

XPRESS NATURAL GAS, LLC, et al.

v.

WOODLAND PULP, LLC

PER CURIAM

[¶1]  Xpress Natural Gas, LLC, and XNG Maine, LLC, (Xpress) appeal from a judgment entered in the Business and Consumer Docket (Cumberland County, *Murphy, J.*) denying their application to vacate several arbitration awards pursuant to 14 M.R.S. § 5938(1)(C) (2016) and granting the application of Woodland Pulp, LLC, to confirm the same awards pursuant to 14 M.R.S. § 5937 (2016).  We affirm the judgment.

[¶2]  This dispute concerns the rights and obligations of Xpress pursuant to a pipeline capacity agreement it has with Woodland.  The parties participated in arbitration pursuant to that agreement.  After a hearing, the arbitrator found that the failure to include a balancing provision in the agreement had created "a significant ambiguity as to the parameters of

Xpress'[s] rights and obligations" and concluded that "[i]mplicit in the [agreement] is an obligation for [Xpress] to reasonably balance its nominations and consumption of gas." He then gave the parties the opportunity to articulate the terms of their existing but undelineated balancing agreement and, when they again could not agree, he provided the opportunity to propose the language of the balancing agreement he would set. Based on the parties' proposals and testimony, the arbitrator set out the terms of the balancing agreement in a supplemental arbitration award.

[¶3] The standard for showing that an arbitrator exceeded his powers is "an extremely narrow one" in large part because the parties have bargained for the arbitrator's construction of the contract at issue. *Xpress Nat. Gas, LLC v. Cate St. Capital, Inc.*, 2016 ME 111, ¶ 9, 144 A.3d 583 (quotation marks omitted). We generally resolve any doubts in favor of the arbitrator's authority and will uphold the arbitration award—even if it contains errors of law or fact—"if *any* rational construction of the agreement *could* support [the arbitrator's] interpretation." *Id.* (quotation marks omitted); *see Caribou Bd. of Educ. v. Caribou Teachers Ass'n*, 404 A.2d 212, 215 (Me. 1979) ("If this [arbitration] award can in any rational way be derived from the agreement,

viewed in the light of *its language, its context and any other indicia of the parties' intention*, it will be upheld." (emphasis added)).

[¶4]  Contrary to Xpress's contention on appeal, the arbitrator did not exceed his authority pursuant to 14 M.R.S. § 5938(1)(C).  Considering that the parties themselves could not determine Xpress's rights pursuant to the agreement, the arbitrator found that the agreement was ambiguous, examined the intent of the parties in entering the agreement, and implied a balancing obligation to remedy the ambiguity.  *See Coastal Ventures v. Alsham Plaza, LLC*, 2010 ME 63, ¶ 26, 1 A.3d 416 ("A contractual provision is considered ambiguous if it is reasonably possible to give that provision at least two different meanings." (alteration omitted) (quotation marks omitted)).

[¶5]  In issuing the supplemental award, the arbitrator did expand upon Xpress's implied obligation to "reasonably balance" its nominations and consumption of natural gas by adding terms including remedies for any future imbalances.  The arbitrator did so, however, only after finding that the parties had understood in entering the agreement that Xpress would "adjust its use [of the pipeline] to accommodate Woodland's [balancing obligations]," that the balancing terms proposed by Woodland were appropriate "for the foreseeable future" but could be revisited if Xpress's business grew, and that

4

the remedies for future imbalances proposed by Woodland were "appropriate and consistent with reasonable industry standards . . . ." Given these findings, the arbitration awards did not "directly contradict[] the language of the agreement," *Am. Fed'n of State, Cty., & Mun. Emps., Council 93 v. City of Portland*, 675 A.2d 100, 102 (Me. 1996), and did not constitute a "manifest disregard" for the terms of the agreement, *Me. State Emps. Ass'n v. Me. Dep't of Def. & Veterans' Servs.*, 436 A.2d 394, 397 (Me. 1981) ("[I]n light of the reservations contained in [the agreement] and the lack of any clear or express language addressing the instant issue . . . we cannot conclude that the arbitrator's decision exhibits a 'manifest disregard' for the terms of the agreement.").

[¶6] Xpress's remaining contentions on appeal are not persuasive and we do not address them further.

The entry is:

Judgment affirmed.

Jennifer A. Archer, Esq., and Timothy H. Norton, Esq. (orally), Kelly Remmel & Zimmerman, Portland, for appellants Xpress Natural Gas, LLC, and XNG Maine, LLC

William S. Harwood, Esq. (orally), Martha C. Gaythwaite, Esq., and Brian T. Marshall, Esq., Verrill Dana, LLP, Portland, for appellee Woodland Pulp, LLC

Business and Consumer Docket docket number CV-2016-12
FOR CLERK REFERENCE ONLY