STATE OF MAINE                          SUPERIOR COURT
LINCOLN, SS                             CIVIL ACTION
                                        DOCKET NO. CV-2019-18

WISCASSET SCHOOL DEPARTMENT,    )
                    Plaintiff   )
                                )
                                )
                                )
                                )
              v.                )       **ORDER ON APPLICATION TO**
                                )       **VACATE ARBITRATION**
                                )       **AWARD**
                                )
                                )
WISCASSET EDUCATION ASSOCIATION, )
                    Defendant.   )
                                )

## INTRODUCTION

Before the court is the Wiscasset School Department's (the "School") Application

to vacate an arbitration award decided by John W. Hanson on April 8, 2019 (the "Award")

pursuant to 14 M.R.S.A. § 5938[1]. For the following reasons, the School's Application to

Vacate is DENIED.

## STANDARD

The School bears the burden of proving that the court should vacate the Award.

"The standard for determining whether an award exceeds an arbitrator's power is an

extremely narrow one. The court will uphold an arbitrator's award if any rational

construction of a collective bargaining agreement could support the award. The

agreement must be broadly construed and all doubts will generally be resolved in favor

---

[1] The undersigned justice is a resident and property taxpayer of the Town of Wiscasset. However, he has no children in the public school system and no personal relationships with any school officials or teachers. Therefore, after consideration of the requirements of Rules 2.7 and 2.11 of the Maine Code of Judicial Conduct, the undersigned does not believe that recusal is necessary or appropriate.

1

of the arbitrator's authority." *AFSCME, Council 93 v. City of Portland*, 675 A.2d 100, 102 (Me. 1996). Regardless of how a reviewing court interprets the agreement and even if the arbitrator's interpretation is erroneous, an award will be upheld as long as it was "rationally derived from the agreement" and in reaching a conclusion the arbitrator did not "travel outside the agreement." *Id.*

## DISCUSSION

During the 2017-2018 school year, due to a large number of school cancellations, the School requested, and the Department of Education ("DOE") approved, a reduction in the number of student school days by three, from 175 to 172. The School then denied the Wiscasset Teacher's Association's (the "Association") request to reduce the teacher's work year by four days to account for the DOE's waiver.[2] Instead, teachers were required to work an additional four workshop days to satisfy the 181-day work year outlined in the parties' Collective Bargaining Agreement (the "Agreement"). As such, the Association requested per diem pay for the four additional workshop days – the workshop days on top of the six originally bargained for in the Agreement. Ultimately, the dispute was arbitrated pursuant to Level Four of the Agreement's Grievance Procedure to resolve the dispute. *See* (Agreement, Article 6(E)(4)). The specific provision at issue and presented to the Arbitrator states:

> The regular teacher work year shall consist of one hundred seventy-five (175) student days and six (6) workshop days for a total of one hundred eighty-one (181) days.

(Agreement, Article 7(A).)

---

[2] The School is required by statute to maintain a school year of at least 180 days. Of the 180-day minimum, 175 must be student days, and no more than 5 days may be used for in-service days, meetings, parent teacher conferences, and similar activities. 20-A M.R.S. § 4801(1).

2

Based on the parties' submissions, the Arbitrator determined the issues to be: (1) is the grievance arbitrable, (2) did the School violate the Agreement when it required teachers to work four additional workshop days, and (3) if there was a violation, what should be the remedy. (Arbitration Award, at 1.) After finding the grievance arbitrable, and that a violation of Article 7 occurred, the Arbitrator awarded the teachers per diem pay for the four additional workshop days, despite the work year remaining at their contractual work year of 181 days. (Arbitration Award, at 8.)

## I. The Arbitrator Did Not Exceed His Authority

In this case, the parties agreed to have the matter arbitrated and to be binding, subject only to judicial review. With the difficult standard of review in mind, this Court finds that the Arbitrator did not exceed his authority by awarding the teachers four days of per diem pay. Section 5938(1)(C) provides, *inter alia*, that a court shall vacate an arbitration award where "[t]he arbitrators exceeded their powers." 14 M.R.S. ¶ 5938(1)(C). Here, the Arbitrator did not "add to, subtract from, or modify the collective bargaining agreement." 26 M.R.S. § 970. Nor did the Arbitrator act contrary to the Agreements' limitation on an arbitrator's authority:

> The arbitrator shall have no power to add to, subtract from, or modify the provisions of this Agreement, and shall confine any decision to the meaning of the specific written contract provision which gave rise to that dispute. The arbitrator shall be without power to make any decision which is contrary to law, interferes with the statutory duties of the Board, or violates the terms of this Agreement. The arbitrator's decision will be binding, subject to judicial review.

(Agreement, Article 6(E)(4).)

In this case, the Arbitrator's decision was confined to the meaning of Article 7, the specific contract provision giving rise to the dispute and submitted to arbitration. The School argues that the Arbitrator exceeded his authority by adding four days of per diem pay to the Agreement thereby modifying salaries, despite the Agreement's absence of a

3

provision providing for per diem pay. Although there was no specific term authorizing payment of per diem pay for a violation of Article 7, as the Association points out, it was the Arbitrator's implied authority to find the appropriate remedy. *Caribou Bd. Of Ed. v. Caribou Teachers Ass'n*, 404 A.2d 212, 215 (Me. 1979) ("[a]bsent a provision, express or implied, in the agreement or in the relevant statutes from which the arbitrator may drive his power, his award will be found to be found to be in excess of his authority.").

While an arbitrator must confine his decision to his interpretation and application of the Agreement, with regards to remedies "[t]he Agreement itself need not specify what is the appropriate remedy . . . the draftsmen may never have thought of what specific remedy should be awarded to meet a particular contingency.'" *Lisbon Sch. Comm. v. Lisbon Educ. Ass'n*, 438 A.2d 239, 244 (Me. 1981) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593 (1960)). To that end, the Arbitrator determined the just way of compensating the teachers for working more workshop days than bargained for was to award per diem pay based on the rate of pay they received in June 2018. As such, the Arbitrator determined that a violation of Article 7 occurred, and acted within the scope of his authority.

## II. The Arbitrator's Decision Was Not Irrational

The School also argues that even if the Arbitrator had the statutory and contractual authority, an award can be vacated because "an arbitrator has exceeded his or her powers if no rational construction of the agreement could support the award." *Xpress Natural Gas, LLC v. Cate St. Capital, Inc.*, 2016 ME 111, ¶ 8, 144 A.3d 583. This Court does not believe the Arbitrator's decision was irrational or that the Arbitrator "travel[led] outside the agreement and base[d] the award on [his] own individual concept of justice in the

4

particular area involved." *Id.* ¶ 11.[3] After all, it is the arbitrator's construction of the contract that was bargained for. *Westbrook Sch. Comm. v. Westbrook Teacher's Ass'n*, 404 A.2d 204, 208 (Me. 1979); *see also Anderson v. Constance Banks*, No. CV-10-19, 2011 Me. Super. LEXIS 28, at *6 (Feb. 23, 2011) ("The Superior Court does not act as an appellate court with respect to an arbitration award.").

The School supports their argument with a logical position. The teachers worked 181 days and should only be paid for 181 days. However, the Arbitrator decided that "the number of workshop days or in-service instruction days are mandatory subjects of bargaining and as such cannot be changed at the whim of either party." (Arbitration Award, at 7.) Accordingly, the Arbitrator determined that while the number of student days is set by statute, and in this case, the subject of a waiver granted by the DOE, the "[w]orkshop days are constant . . . locked in by the collective bargaining agreement and cannot be changed without the agreement of both parties." (Arbitration Award, at 8.) Thus, the Arbitrator found that a violation occurred when the School took it upon itself to change the number of workshop days originally bargained for. Essentially, the Arbitrator agreed with the Association in that the number of student days + six workshop days = the school year, and that while the number of student days was decreased to 172, given the terms of the Agreement, the School cannot unilaterally increase the number of workshop days.

---

[3] The School also argues that the Award should be vacated because the "parties did not jointly invite the arbitrator to determine his own remedy when they submitted the issue to him at the grievance hearing." Memorandum of Law, at 9. However, the Arbitrator did not exceed his authority in fashioning a remedy, even if the School attempted to prevent delegating more authority by citing *Council 93*. *See AFSCME, Council 93*, 675 A.2d at 103.

In support of the Arbitrator's interpretation, he cited to a Maine Labor Relations Board case which stated, "the minimum number of workshop days for teachers also involves working conditions because it relates to teacher attendance at school at times when students will not be in attendance. Again, the Directors were required by Section 965(1)(C) to bargain about this issue. " *M.S.A.D. No. 43, Bd. of Directors v. No. 43 Teachers Ass'n*, M.L.R.B. No. 79-36 (Mar. 18, 1981). Essentially, while the number of working days remained the same, workshop days demand different duties or working conditions, and therefore remain the subject of bargaining. As such, finding that a violation had occurred was not irrational.

Regarding the remedy, the Arbitrator determined that the common remedy is to "compensate those required to work additional time." (Arbitration Award, at 8.) The Arbitrator ordered the School to pay each teacher four days' worth of pay consistent with the rate of pay they received in June 2018. (Arbitration Award, at 9.) Although, this remedy equates to awarding teachers an additional four days of pay for days they did not work, the award rests in the School's unilateral addition of four workshop days, beyond what was authorized by the Agreement. As stated by the Association, "an award will be vacated only if the arbitrator's award evidences 'manifest disregard' for the terms of the contract, or the arbitrator's reasoning is 'so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling." *Westbrook Sch. Comm.*, 404 A.2d at 209 (citations omitted). This case is nowhere close to meeting that standard.

In conclusion, the Arbitrators interpretation of Article 7 and subsequent remedy were not irrational.

III. **Public Policy Argument**

The School further argues that the Award should be vacated because it violates Maine's public policy excluding public employee salaries from binding arbitration. *See*

6

*City of Biddeford v. Biddeford Teacher's Ass'n*, 304 A.2d 387, 390 (Me. 1973); 26 M.R.S. § 965(4). While it's true that in contract negotiations that result in arbitration the arbitrator may only make recommendations regarding a public employee's salary, this situation involves a grievance arbitration arising out of a negotiated contract. Thus, without deciding whether or not the Award could be considered a salary increase, the rational underlying the public policy exclusion and holding articulated in *Biddeford Teacher's Ass'n*, is inapplicable in this matter.

For the reasons stated above, the School's Application to Vacate Arbitration Award is hereby DENIED.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

DATE: September 17, 2019

Daniel I. Billings
Justice, Maine Superior Court

WISCASSET SCHOOL DEPARTMENT VS WISCASSET EDUCATION ASSOCIATION
UTN:AOCSsr  -2019-0047574                    CASE #:WISSC-CV-2019-00018

------------------------------------------------------------------------

WISCASSET SCHOOL DEPARTMENT                                      PL

ATTY TRENHOLM, MICHAEL T.    Tel# (207) 772-1941

ATTY ADDR:84 MARGINAL WAY SUITE 600 PORTLAND ME 04101-2480


WISCASSET EDUCATION ASSOCIATION                                 DEF

ATTY GOODMAN, JONATHAN M.    Tel# (207) 780-6789

ATTY ADDR:PO BOX 9711 511 CONGRESS STREET SUITE 700   PORTLAND ME 04104-5011