STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                DOCKET NO. CV-21-77


TIMOTHY BLOOM,

Plaintiff,

v.                                    ORDER

SHAWN TAMIR,

Defendant.


In response to the court's order of June 10, 2021, defendant Shawn Tamir has submitted

an affidavit with various exhibits and a memorandum in support of his contention that he is entitled

to an evidentiary hearing on the issues of whether the arbitrator manifested evident partiality

against Tamir or exceeded the arbitrator's powers.[1]

On the issue of whether the arbitrator manifested evident partiality, Tamir argues that the

arbitrator's decisions were punitive. A review of the various decisions that are contained in the

record, however, reflect that the orders that Tamir claims were punitive in nature were based on

the arbitrator's assessment that Tamir had "failed to cooperate in a meaningful way" with the

arbitrator's Interim Award. Arbitrator's Final Award at 17. *See* Post-Interim Award Order No. 7

dated December 23, 2020, annexed as Exhibit E to Tamir Affidavit. Whether or not the Arbitrator

was correct in that assessment is not an issue that can be reviewed by this court.

In general, Tamir's argument that the arbitrator manifested evident partiality against Tamir

is based on Tamir's various contentions that the arbitrator's decisions were so unfair that they

---

[1] In his answer and counterclaim Tamir raised a defense that the arbitration award was procured by
corruption, fraud, or other undue means but he has not pursued that defense.

1

could only have resulted from a lack of impartiality. This amounts to an invitation to the court to review the merits of the arbitrator's rulings – which is not the role of the court under 14 M.R.S. § 5938.

Tamir argues that the arbitrator exceeded his powers because, Tamir contends, the arbitrator had no power to issue certain orders to enforce the Interim Award. The problem with this argument is that, after the issuance of the orders that Tamir argues exceeded the arbitrator's powers, Tamir reached a settlement with Bloom on all issues other than attorney's fees and costs. The actions of the arbitrator that Tamir contends exceeded the arbitrator's authority are therefore not before the court. The only issue that is before the court is the arbitrator's order awarding attorney's fees and costs. The court sees no basis on which it can find that the arbitrator's order awarding attorney's fees and costs exceeded the arbitrator's authority.

Finally, in response to Tamir's argument that the attorney's fee award was designed to punish him for his disagreement with certain of the arbitrator's rulings, the court has again reviewed the Order Determining Attorney's Fees and Costs and does not find that it betrays any improper animus toward Tamir. The arbitrator carefully considered all of Tamir's arguments. Specifically, in response to Tamir's argument that the attorney's fees sought by Bloom were excessive, the arbitrator noted that Tamir had vigorously litigated the arbitration proceedings, that the proceedings had been highly contentious, and that "a party cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the other party in response." Order Determining Attorney's Fees and Costs at 7, quoting *Int'l Longshoremen's and Warehousemen's Union v. Los Angeles Export Terminal Inc.*, 69 Cal. App. 4th 287, 304 (1999). The arbitrator nevertheless reduced Bloom's attorney's fee claim by approximately 10%.

2

Under the circumstances, having reviewed Tamir's submission, the court concludes that Tamir's request for an evidentiary hearing is really a request for a forum in which to relitigate the merits and fairness of the arbitrator's rulings and would not disclose facts that would be relevant with respect to any grounds on which the court could vacate the arbitrator's award of attorney's fees and costs.

The entry shall be:

1. Defendant Shawn Tamir's request for an evidentiary hearing is denied and the arbitration award issued on February 19, 2021 awarding plaintiff Timothy Bloom attorney's fees of $145,800.00 and costs of $47,837.83 is confirmed.

2. Judgment is entered in favor of Bloom and against Tamir in the amount of $ 193,637.83 with costs and post-judgment interest at 6.09%.

3. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: August __6__, 2021

_____
Thomas D. Warren
Justice, Superior Court

**Plaintiff–Timothy Norton, Esq.**
**Defendant–Marshall Tinkle, Esq.**

Entered on the Docket: 08/06/21

Mc/

3

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-21-77

TIMOTHY BLOOM,

Plaintiff,

v.                                                                ORDER

SHAWN TAMIR,

Defendant.

On March 3, 2021, plaintiff Timothy Bloom commenced this action by filing an application pursuant to 14 M.R.S. § 5937 to confirm an arbitration award issued on February 19, 2021. That award determined that defendant Shawn Tamir was liable to Bloom for attorney's fees of $145,800.00 and costs of $47,837,83.[1]

Counsel for Tamir accepted service on April 22 and on May 10, 2021 filed an answer to the application with affirmative defenses and a counterclaim. In the counterclaim, Tamir asserted that the applicable contract did not provide for attorney's fees and that Bloom was not the prevailing party. Counterclaim ¶ 15. Tamir added in conclusory fashion that the arbitration award should be vacated on the ground that the award was procured by corruption, fraud, or undue means, because the arbitrator manifested evident partiality against Tamir, and because the arbitrator exceeded his powers. *Id.* ¶¶ 16-18. These assertions track the provisions of 14 M.R.S. § 5938(1)(A)-(C) although Tamir did not expressly cite those provisions..

---

[1] On February 19, 2021 the Arbitrator issued both an Order Determining Attorney's Fees and Costs and a Final Award. Those are attached as exhibits to Bloom's Application to Confirm Arbitration Award.

1

On May 10, 2021 Bloom filed an opposition to Tamir's counterclaim, treating Tamir's counterclaim as an application to vacate pursuant to § 5938(1).[2] Bloom argued (1) that the arbitrator had correctly concluded that Bloom was entitled to attorney's fees under the applicable contracts; (2) that the arbitrator's rulings and interpretation of the applicable contracts were within the arbitrator's broad authority under *Stanley v. Liberty*, 2015 ME 21 ¶ 26, 111 A.3d 663; and (3) that Tamir was not otherwise entitled to oppose confirmation of the award based on conclusory assertions. Tamir filed a reply to plaintiff's opposition contending that he should be given the opportunity to demonstrate a basis for vacating the arbitration award at an evidentiary hearing.

On Tamir's disputes with the merits of the arbitrator's decision and on the issue of whether the arbitrator exceeded his powers, the submissions of the parties do not demonstrate any grounds for an evidentiary hearing. Tamir's counterclaim sets forth the argument that a prior contract providing for attorney's fees and costs was superseded by a subsequent agreement between the parties which did not contain an attorney's fees and costs provision. The arbitrator considered that argument and determined that the subsequent agreement did not displace the original agreement but constituted an amendment to that agreement, leaving in place the provision for attorney's fees and costs.[3] Even if this was incorrect, an arbitrator does not exceed his powers by making an error of law. *Stanley v. Liberty*, 2015 ME 21 ¶ 25 ("In bargaining for an arbitrator's decision, the parties bargain for the arbitrator's interpretation of the law as well").

Tamir's argument that Bloom was not the prevailing party was also presented to and rejected by the arbitrator. The arbitrator found that although both parties had breached the original

---

[2] 14 M.R.S. § 5942 provides that an application to the court to confirm or to vacate an arbitration award "shall be made by motion," but Bloom has not argued that Tamir's application is invalid because it was set forth in a counterclaim.

[3] *See* Arbitrator's Order Determining Attorney's Fees and Costs at 4-5; Arbitrator's Final Award at 13.

agreement, Bloom had obtained the greater relief and had obtained his main objectives in the arbitration.[4] The findings of the arbitrator's decision on that issue are not reviewable under the standard of review applied to arbitration decisions. *See, e.g., Stanley v. Liberty*, 2015 ME 21 ¶ 24.

There remains the issue of determining the proper procedure to be followed with respect to Tamir's conclusory invocation of corruption, fraud, and evidential partiality – defenses under 14 M.R.S. § 5938(1)(A)-(B). On that issue the court finds that a case cited by Tamir, *Concord General Mutual Ins. Co. v. Northern Assurance Co.*, 603 A.2d 470 (Me. 1992), is instructive. In that case, in support of an application to vacate the arbitration award, Concord submitted affidavits and moved for a testimonial hearing. *Id.* at 471. After conducting a non-testimonial hearing, the Superior Court denied the motion for a testimonial hearing and denied Concord's application to vacate the arbitration award. *Id.* at 471-72.

On appeal, the Law Court affirmed, stating that the trial court "has the discretion to receive evidence on motions by affidavit, deposition, or oral testimony." *Id.* at 472, citing M.R. Civ. P. 43(e).[5] It found that through affidavits, memoranda of law, and oral argument in support of its motion for a testimonial hearing, Concord had been provided an adequate opportunity to proffer evidence that would have demonstrated the need for a testimonial hearing. It stated that a "party is not entitled to a testimonial hearing on a motion to vacate or to confirm an arbitration award in the absence of a showing that such a hearing will disclose relevant facts not otherwise before the court in affidavit form." *Id.*

---

[4] *See* Arbitrator's Order Determining Attorney's Fees and Costs at 5; Arbitrator's Final Award at 12, 16.

[5] Civil Rule 43(e) provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter heard wholly or partly in oral testimony or depositions."

3

The court is not inclined to invite Tamir to embark on a fishing expedition in an attempt to find support for a claim that the arbitration award should be set aside under 14 M.R.S. § 5938(1)(A)-(B). However, it will allow Tamir to submit affidavits supporting any grounds on which he seeks an evidentiary hearing on or before June 25, 2021. At the same time Tamir shall also submit a memorandum setting forth any legal arguments he wishes to make in support of his claim for an evidentiary hearing. Bloom shall have 21 days to respond.

The court shall then determine whether Tamir has made the requisite showing to obtain an evidentiary hearing and shall consider Tamir's other arguments.

The entry shall be:

Procedural order entered. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June _10_, 2021

_____
Thomas D. Warren
Justice, Superior Court

**Plaintiff–Timothy Norton, Esq.**
**Defendant–Marshall Tinkle, Esq.**

4