1997 ME 197

**Dominic ROSETTI, Jr.**

v.

**LAND RECLAMATION**

and

**Crawford & Co.**

and

**W.H. Shurtleff Co.**

and

**Liberty Mutual Insurance Co.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1997.
Decided Sept. 26, 1997.

James J. MacAdam, James Fongemie (orally), McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, for employee.

Thomas E. Getchell (orally), Troubh, Heisler & Piampiano, P.A., Portland, for W.H. Shurtleff.

Thomas R. Kelly (orally), Thomas Quartararo, Robinson, Kriger & McCallum, Portland, for Land Reclamation.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

DANA, Justice.

[¶ 1] W.H. Shurtleff Co. appeals from a decision of the Workers' Compensation Board on a motion brought by Land Reclamation, the second employer in a successive injury case, ordering Shurtleff to reimburse Reclamation for fifty percent of Reclamation's obligation to pay continuing benefits to the employee pending appeal. 39–A M.R.S.A. § 205(9)(B)(2) (Supp.1996). Because we conclude that the Board has no authority to determine apportionment issues between insurers, we vacate the Board's decision.[1] 39–A M.R.S.A. § 354 (Supp.1996).

[¶ 2] The employee, Dominic Rosetti, suffered two compensable low-back injuries; the first in 1979, while employed by Shurtleff, and the second in 1991, while employed by Reclamation. In 1993 Reclamation filed a petition for review and a petition for apportionment against Shurtleff, and in 1994 Rosetti filed a petition for restoration for the 1979 injury. In March 1995 the Board granted all of the petitions, in part, awarding total and partial benefits ending in June 1992. Because an exact apportionment was not possible, the Board apportioned liability equally between the two employers. The Board issued findings of fact and conclusions of law on June 29, 1995, and Rosetti filed a timely petition for appellate review from that decision.[2]

[¶ 3] In September 1995 Reclamation filed a "Motion to Determine the Amount of Reimbursement" seeking reimbursement from Shurtleff for fifty percent of the continuing benefits that it pays to Rosetti pursuant to 39–A M.R.S.A. § 205(9)(B)(2), while Rosetti's petition for appellate review was pending with the Law Court. The Board granted the motion[3] and also filed its own motion with the Law Court pursuant to 39–A M.R.S.A. § 318 (Supp.1996), seeking to have its earlier decision amended to specify that both insurers must pay during the pendency of the appeal pursuant to section 205(9).

[¶ 4] Shurtleff did not bring a timely petition for appellate review from the March and June decisions granting Reclamation's 1993 petition for apportionment, and, therefore, we have no authority to review the Board's decision on that petition.[4] 39–A M.R.S.A. § 322 (Supp.1996); *Guaranty Fund Management Servs. v. Workers' Compensation Bd.*, 678 A.2d 578, 582–83 (Me.1996). Although we have not addressed whether an employer who successfully litigates a termination of the employee's benefits may be required to continue payment of benefits until the conclusion of appeal proceedings pursuant to 39–A M.R.S.A. § 205(9)(B)(2),[5] there

1. In the same order granting Shurtleff's petition for appellate review, we granted the employee, Dominic Rosetti's petition for appellate review and summarily vacated the decision on the issue of the average weekly wage. *See Beaulieu v. Maine Medical Ctr.*, 675 A.2d 110, 111 (Me.1996). Rosetti has interpreted our order as an invitation to argue on appeal the other issues raised in his petition for appellate review. We believe it is clear on the face of the order that we only granted Rosetti's petition for appellate review for the limited purpose of vacating the Board's decision on the fringe benefit issue and we did not intend to grant review of the remaining issues raised by the employee. We therefore decline to address the issues raised in the employee's brief in this appeal.

2. In Shurtleff's response to Rosetti's petition for appellate review, Shurtleff stated that it was "cross petitioning" from the Board's March 1995 decision and subsequent findings of fact related to that decision. Shurtleff did not file a copy of the decision with the Clerk of the Law Court within 20 days after receipt of notice of the filing of the March or June, 1995 decisions by the hearing officer as required by 39–A M.R.S.A.

§ 322(1) (Supp.1996), nor did it pay the $100 filing fee as required by M.R. Civ. P. 73(j). Accordingly, we do not treat Shurtleff's response to Rosetti's petition for appellate review as a petition for appellate review or a "cross petition" for purposes of this appeal.

3. The Board's decision granting Reclamation's motion to determine the amount of reimbursement was incorrectly dated January 8, 1995. The actual date of the decision and the date that the decision was mailed to the parties was January 8, 1996.

4. Accordingly, we do not address the issue raised by Shurtleff, contending that it was error for the Board in the original decision to award an inflation adjustment pursuant to the law at the time of his first injury.

5. 39–A M.R.S.A. § 205(9)(B)(2) provides, in pertinent part:

   If an order or award of compensation or compensation scheme has been entered, the employer ... shall petition the board for an order

is no dispute among the parties in this case that Rosetti is entitled to continued payment during the pendency of his petition for appellate review. The issue on Reclamation's "motion to determine the amount of reimbursement," is solely a dispute between insurers and must be decided according to section 354.

[¶ 5] 39–A M.R.S.A. § 354 provides:

**1. Applicability.** When 2 or more occupational injuries occur, during either a single employment or successive employments, that combine to produce a single incapacitating condition and more than one insurer is responsible for that condition, liability is governed by this section.

**2. Liability to employee.** If an employee has sustained more than one injury while employed by different employers, or if an employee has sustained more than one injury while employed by the same employer and that employer was insured by one insurer when the first injury occurred and insured by another insurer when the subsequent injury or injuries occurred, the insurer providing coverage at the time of the last injury shall initially be responsible to the employee for all benefits payable under this Act.

**3. Subrogation.** Any insurer determined to be liable for benefits under subsection 2 must be subrogated to the employee's rights under this Act for all benefits the insurer has paid and for which another insurer may be liable. *Any such insurer may, in accordance with rules adopted by the Superintendent of Insurance, file a request for appointment of an arbitrator to determine apportionment of liability among the responsible insurers. The arbitrator's decision is limited to a choice between the submissions of the parties and may not be calculated by averaging.* Within 30 days of the request, the Superintendent of Insurance shall appoint a neutral arbitrator who shall decide, in accordance with the rules adopted by the Superin-

tendent of Insurance, respective liability among or between insurers. *Arbitration pursuant to this subsection is the exclusive means for resolving apportionment disputes among insurers and the decision of the arbitrator is conclusive and binding among all parties involved. Apportionment decisions made under this subsection may not affect an employee's rights and benefits under this Act.*

39–A M.R.S.A. § 354(3) (Supp.1996) (emphasis added). Pursuant to the plain language of this section, an insurer seeking apportionment is required to file a request for arbitration with the Superintendent of Insurance. This procedure is the "exclusive means for resolving disputes among insurers." 39–A M.R.S.A. § 354(3). The arbitrator does not enter into a factual determination of contributive fault, but is limited to a choice between apportionment proposals submitted by the insurers. 39–A M.R.S.A. § 354(3) (the arbitrator's "decision is limited to a choice between the submissions of the parties and may not be calculated by averaging").

[¶ 6] In this case, the Board focused on the last sentence of section 354(3) to conclude that, because an apportionment would affect the employee's rights to compensation, apportionment by an arbitrator is not appropriate. Even if the Board were correct in suggesting that a determination of the comparative contribution of two work-related injuries in a successive injury case could affect an employee's level of benefits, we do not interpret the last sentence of section 354(3) as a grant of authority to the Board to determine apportionment disputes. Taken in context, the last sentence is intended only to clarify that no matter how liability is apportioned by an arbitrator, that apportionment does not alter the rights and benefits of the employee.

[¶ 7] As we have stated, "the rights of a party under the Workers' Compensation Act are purely statutory," *Jordan v. Sears, Roebuck & Co.*, 651 A.2d 358, 362 (Me.1994) (quoting *Lavoie v. International Paper Co.*,

to reduce or discontinue benefits *and may not reduce or discontinue benefits until* the matter has been finally resolved through the dispute resolution procedures of this Act, *any appeal*

*proceedings have been completed* and an order of reduction or discontinuance has been entered by the board.

39–A M.R.S.A. § 205(9)(B)(2) (emphasis added).

403 A.2d 1186, 1191 (Me.1979)). The Board has "no powers beyond those expressly granted to it by the Legislature, or such as emerge therefrom by implication as necessary and incidental to the full exercise of the powers explicitly granted." *Wood v. Cives Constr. Corp.*, 438 A.2d 905, 908 (Me.1981). The Act plainly provides that arbitration pursuant to section 354 is the *exclusive means* for resolving apportionment disputes among insurers, and, accordingly, the Board had no authority to order Shurtleff to reimburse Reclamation for payments made pending appeal.[6]

The entry is:

The decision of the Workers' Compensation Board dated January 8, 1996, granting Reclamation's motion to determine the amount of reimbursement, vacated.

---

6. Because the Board had no authority to resolve reimbursement issues between insurers, the Board's motion to amend its decision pursuant to 39–A M.R.S.A. § 318, to include an order requiring Shurtleff to reimburse Reclamation for payments made pending appeal, is denied.