1997 ME 237

**April SMITH**

v.

**MARKET SQUARE HEALTH CARE CENTER**

**and**

**ITT/Hartford Insurance Co.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1997.

Decided Dec. 31, 1997.

---

Henri A. Benoit, II (orally), Bornstein & Hovermale, Portland, for employee.

Robert C. Brooks (orally), Verrill & Dana, Portland, William O. LaCasse (orally), Norman, Hanson & DeTroy, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, LIPEZ and SAUFLEY, JJ.

CLIFFORD, Justice.

[¶ 1] April Smith appeals from a decision of the Workers' Compensation Board granting her petition for restoration, but denying continuing benefits based on the Board's application of 39–A M.R.S.A. § 214 (Supp.1997). Pursuant to that section, the Board found that Smith refused a bona fide offer of reasonable reinstatement work without good and reasonable cause. She contends that because her current incapacity is due, in part, to a 1991 work-related injury, the Board should have limited the application of section 214 to that portion of her incapacity attributable to her post–1993 injury. She further contends that the Board erred in its factual finding that she refused an offer of reasonable work without good and reasonable cause pursuant to 39–A M.R.S.A. § 214. Because the order granting appellate review limits this appeal to the issue of whether Section 214 of 39–A M.R.S.A. is the law to be applied, we address only that issue, and we are unpersuaded that the Board applied the wrong law. Accordingly, we affirm the decision of the Board.

[¶ 2] Smith suffered a work-related injury to her right wrist, shoulder and arm on January 28, 1991 while employed as a CNA at Market Square Health Center. She suffered a second aggravation injury to the same body parts on September 23, 1993. She underwent surgery in 1994 and then returned to light-duty employment. In 1994 she resigned from her employment at Market Square and relocated with her family to another part of the state. Smith filed a petition for restoration related to her 1991 injury, and a petition for award related to her 1993 injury. Concluding that her current incapacity is causally related to both dates of injury, the Board granted the petitions and awarded short-term benefits. The Board also concluded, however, that Smith's resignation from Market Square in 1994 constituted a refusal of a bona fide offer of reasonable employment without good and reasonable cause pursuant to 39–A M.R.S.A. § 214(1),[1] and, therefore, denied continuing wage-loss benefits.

[¶ 3] Pursuant to 39–A M.R.S.A. § 322 (Supp.1996), Smith filed a petition for appellate review with this Court. In her petition she raised several issues. In our order granting the petition for appellate review, however, we stated that the petition was granted "as to the second issue [raised in Smith's petition]. That issue is whether the Board denied benefits based on the employee's refusal of an offer of reasonable work

---

1. Section 214(1)(A) provides:

If an employee receives a bona fide offer of reasonable employment from the previous employer or another employer or through the Bureau of Employment Security and the employee refuses that employment without good and reasonable cause, the employee is considered to have withdrawn from the work force and is no longer entitled to any wage loss benefits under this Act during the period of the refusal.

39–A   M.R.S.A. § 214(1)(A).

pursuant to 39–A M.R.S.A. § 214, when the injury was an aggravation of a prior 1991 work injury to which section 214 does not apply."

 [¶ 4] On appeal, Smith challenges the Board's application of section 214. In addition, however, she attempts to raise those issues that were expressly excluded from consideration by our order granting appellate review. Our review of workers' compensation decisions is discretionary. 39–A M.R.S.A. § 322; *Mathieu v. Bath Iron Works*, 667 A.2d 862, 865 (Me.1995). When we limit a grant of appellate review in a workers' compensation case to the consideration of certain issues, and expressly exclude the consideration of other issues raised in the petition for appellate review, we limit our appellate review to those issues so designated, and we do not permit the parties to raise those issues excluded pursuant to the limited grant of the petition. This rule is based on judicial economy and on simple fairness to the respondents who, in reliance on our order, address only the issues to which the petition has been granted. *See Rosetti v. Land Reclamation*, 1997 ME 197, ¶, n. 1, 704 A.2d 312 (Declining to address employee's issues when those issues had been excluded from consideration by the order granting appellate review).

 [¶ 5] Accordingly, we limit our consideration to whether it was error for the Board to apply subsection 214(1) to that portion of Smith's incapacity that relates to a pre–1993 injury. The implementing section of the Workers' Compensation Act of 1992, 39–A M.R.S.A. § A–10, provides, in pertinent part: "So as not to alter benefits for injuries incurred before January 1, 1993, for matters in which the injury occurred prior to that date, all the provisions of this Act apply, except that ... Title 39–A, sections 211, 212, 213, 214, 215, 221, 306, and 325 do not apply." *Maine Workers' Compensation Act of 1992*, P.L.1991, ch. 885, § A–10 (effective January 1, 1993) (emphasis added). Smith contends that because section 214 is included within those enumerated sections that are intended to have purely prospective effect, it was error for the Board to apply subsection 214 to her 1991 injury. We recently rejected a similar

contention in *Ray v. Carland Constr., Inc.*, 1997 ME 206, ¶ 6, 703 A.2d 648. Both employees in that consolidated case suffered injuries prior to 1993 and subsequent injuries after 1993 to the same body part. *Id.* at ¶ 2, & ¶ 7. In both cases, we held that 39–A M.R.S.A. § 213 applied to the calculation of the employees' entire award of benefits, including that portion attributable to their pre–1993 injuries. *Id.* at ¶ 6, ¶ 10 ("[W]e conclude that the Legislature intended the 1992 Act to apply to awards of benefits in successive injury cases when the most recent injury occurs after the effective date of the Act" *Id.* at ¶ 6). The rationale of *Ray* to Smith's entitlement to benefits, including that portion attributable to her 1991 injury. For the reasons previously stated, we do not address Smith's other contentions.

The entry is:

Decision of the Workers' Compensation Board affirmed.