STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-38
JRA - KEN - 3/7/2001

LIBERTY MUTUAL INSURANCE
COMPANY,

      Petitioner

   v.

                            DECISION AND ORDER

MAINE EMPLOYERS' MUTUAL
INSURANCE COMPANY,

      Respondent

This matter is before the court on a petition for review of final agency action by which Liberty Mutual Insurance Company (Liberty) seeks to vacate an arbitrator's decision which apportioned an injured worker's medical expenses between it and the respondent, Maine Employers' Mutual Insurance Company (MEMIC). For the reasons set out herein, the petition is to be denied.

The facts and procedural history in this case are not in debate and may be restated as follows:

Victor J. Bolduc (Bolduc) was employed by Associated Grocers of Maine when he was injured in 1986. At that time, Liberty provided workers' compensation insurance to Associated Grocers and Liberty paid benefits resulting from that injury. In 1996, Bolduc was reinjured while working for the same employer, but MEMIC had since become the workers' compensation insurer for Associated Grocers.

After the second injury, Bolduc filed a petition for award and a petition to fix concerning this 1996 injury and a petition for restoration and a petition to fix

concerning the 1986 injury. In the same proceeding before the Workers' Compensation Board (Board), Liberty filed a petition for review of incapacity. On June 30, 1998, a hearing officer (HO) for the Board granted the petitions as against MEMIC and found that Bolduc was entitled to have his compensation benefits and medical bills paid by that insurer for the 1996 injury.[1] The petition for restoration was denied as to the 1986 injury, but the petition to fix as to that injury was granted so that Liberty was responsible for pool therapy as it was found that such treatment was necessary as a result of the 1986 injury. The HO also granted Liberty's petition for review as to the 1986 injury "pending apportionment." (Emphasis supplied). Finally, the HO ordered, "Pursuant to 39-A M.R.S.A. Section 354, all benefits due are initially the responsibility of Associated Grocers/Maine Employers' Mutual Insurance Company." (Emphasis supplied).

Pursuant to 39-A M.R.S.A. § 354, MEMIC filed a request for the appointment of an arbitrator to apportion liability between the two insurers for Bolduc's incapacity and his medical bills. Ultimately, the appointed arbitrator ordered Liberty to reimburse MEMIC for 10% of the medical expenses at issue. Liberty appeals that order via this petition for review of final agency action.

Title 39-A M.R.S.A. § 354(3) in the language applicable at the time this dispute arose, reads as follows:

3.   **Subrogation.**  Any insurer determined to be liable for benefits under subsection 2 must be subrogated to the employee's rights under

---

[1] The June 30, 1998 decision of the HO was modified on December 30, 1998, but those modifications are not relevant to this dispute.

2

this Act for all benefits the insurer has paid and for which another insurer may be liable. Any such insurer may, in accordance with rules adopted by the Superintendent of Insurance, file a request for appointment of an arbitrator to determine apportionment of liability among the responsible insurers. The arbitrator's decision is limited to a choice between the submissions of the parties and may not be calculated by averaging. Within 30 days of the request, the Superintendent of Insurance shall appoint a neutral arbitrator who shall decide, in accordance with the rules adopted by the Superintendent of Insurance, respective liability among or between insurers. <u>Arbitration pursuant to this subsection is the exclusive means for resolving apportionment disputes among insurers and the decision of the arbitrator is conclusive and binding among all parties involved</u>. Apportionment decisions made under this subsection may not affect an employee's rights and benefits under this Act. (Emphasis supplied).

As the plain language of section 354(3) would suggest, the Law Court in *Rosetti v. Land Reclamation*, 1997 ME 197, ¶ 5, 704 A.2d 312, 315 held that, ". . . an insurer seeking apportionment is required to file a request for arbitration with the Superintendent of Insurance. This procedure is the 'exclusive means for resolving disputes among insurers.'" (*quoting* 39-A M.R.S.A. § 354(3)).

Such apportionment action is consistent with the workers' compensation statutory scheme and the HO's order of June 30, 1998, which fixed responsibility for the payment of Bolduc's medical bills pending apportionment. So, while the petitioner argues that the HO, in acting pursuant to 39-A M.R.S.A. § 206(12),[2] apportioned responsibility between the two insurers so that her decision in this

---

[2] Title 39-A M.R.S.A. § 206(12) (2000) reads as follows:

**12. Petition.** When there is any disagreement as to the proper costs of the services or aids, the periods during which they must be furnished, or the apportionment of the costs among the parties, any interested person may file a petition with the board for the determination of the issues.

regard is res adjudicata barring further action as to apportionment, in fact all the HO did was to assign responsibility to MEMIC for Bolduc's medical bills stemming from his work-related injuries. Once done, as the HO noted in her June 30, 1998 decision, MEMIC was authorized by statute to seek apportionment of the medical expenses for which it had initially been held responsible by virtue of this decision and the terms of 39-A M.R.S.A. § 354(2). That statute reads:

> **2.     Liability to employee.**  If an employee has sustained more than one injury while employed by different employers, or if an employee has sustained more than one injury while employed by the same employer and that employer was insured by one insurer when the first injury occurred and insured by another insurer when the subsequent injury or injuries occurred, the insurer providing coverage at the time of the last injury shall initially be responsible to the employee for all benefits payable under this Act.

Explained differently, the Board HO was called upon to respond to a worker's petition to determine his benefits and fix responsibilities for same as 39-A M.R.S.A. § 206 governs, in part, the resolution of a dispute in this regard between the employee and the employer/insurer. Once that decision is made, as it was here, by virtue of 39-A M.R.S.A. § 354(2), the insurer who provided coverage at the time of the last injury is provisionally responsible to the employee for the benefits as determined by the HO under the Act. Under section 354(3), this insurer, here MEMIC, can seek apportionment by an arbitrator among the employer's insurers. By law, this is the exclusive means to resolve disputes among or between insurers as to the apportionment of the benefits payable as a result of the last injury. 39-A M.R.S.A. § 354(3); *Rosetti, id.*

4

Accordingly, the HO's decision is not res adjudicata because she lacked the statutory authority to apportion responsibility between insurers for Bolduc's medical bills which she found to be the result of his injuries. As importantly, she specifically held, consistent with the provisions of 39-A M.R.S.A. § 354, that responsibility for Bolduc's medical bills were "initially" MEMIC's and that her determination was made "pending apportionment." Thus, essential elements of res adjudicata are missing, namely "the rendition of a final decision," and "the procedural elements . . . necessary [so that] the proceeding [is] a sufficient means of conclusively determining the matter in question." *Town of Ogunquit v. The Cliff House & Motels, Inc.*, 2000 ME 169, ¶ 11, _____ A.2d _____. By the same token, principals of claim preclusion, *Waterville Industries, Inc. v. Finance Authority of Maine*, 2000 ME 138, ¶ 18, _____ A.2d _____, also would not bar MEMIC's request for apportionment because there was no valid final judgment as to apportionment; indeed, as noted, the HO's decision can only be reasonably read as a provisional one, "pending apportionment."

From all of this, the court concludes the Board HO lacked authority to apportion medical benefits between these two insurers, *Hincks v. Robert Mitchell Co.*, 1999 ME 172, ¶ 6, 740 A.2d 992, 994, and, in fact, did not do so. That being so, the respondent was entitled by law to seek apportionment, 39-A M.R.S.A. § 354(3), *Hincks, id.*, and that decision will not be disturbed as there is no additional claim that the arbitrator's decision is in error.

5

Accordingly, the entry will be:

Petition for review of final agency action is DENIED; the arbitrators decision of May 9, 2000, as modified on June 5, 2000, is AFFIRMED.

So ordered.

Dated: March __7__, 2001

John R. Atwood
Justice, Superior Court

Date Filed __6/9/00__     __Kennebec__     Docket No. __AP00-38__

                               County

Action __Petition for Review__
                80C

# J. ATWOOD

Liberty Mutual Insurance Company    VS.    Maine Employers' Mutual Insurance Compan

| Plaintiff's Attorney | Defendant's Attorney   John Veilleux Esq |
|---|---|
| Thomas E. Getchell, Esq.<br>511 Congress Street<br>P.O. Box 9711<br>Portland, Maine 04104-5011 | William O. LaCasse, Esq.<br>415 Congress Street<br>P.O. Box 4600<br>Portland, Maine 04112-4600 |

| Date of Entry | |
|---|---|
| 6/12/00 | Petition for Review of Final Agency Action, filed. s/Getchell, Esq. (filed 6/9/00) |
| 6/21/00 | Entry of appearance and position pursuant to 5 MRSA section 11005 filed. s/LaCasse Esq s/Veilleux Esq |
| 6/22/00 | Letter informing the Court that the Supt of Insurance will not be filing an appearance, the record will be filed shortly filed. s/Silsby,AAG |
| 7/10/00 | Certification of Record, filed. s/Record, Esq. (in vault) |
| 7/12/00 | Notice of briefing schedule mailed to attys of record. |
| 8/18/00 | Petitioner's Brief, filed. s/Getchell, Esq.<br>Proposed Order, filed. |
| 9/15/00 | Respondent's Reply to Petitioner's Brief, filed. s/LaCasse, Esq.<br>Exhibits attached. |
| 10/6/00 | Hearing had on oral arguments with Justice John Awood, presiding.<br>Thomas Getchell, Esq. for the Plaintiff and Atty. Veilleux, Esq. for the Defendant.<br>Oral arguments made to the court.<br>Court orders Plt. to filed brief by 10/20/00<br>Court to take matter under advisement. |
| 10/19/00 | Respondent's Supplemental Brief, filed. s/Lacasse, Esq.<br>Proposed Order, filed. |
| 10/20/00 | Petitioner's Supplemental Brief, filed. s/Getchell, Esq. |
| 3/7/01 | DECISION AND ORDER, Atwood, J.<br>Petition for review of final agency action in DENIED; the arbitrators decision of May 9, 2000, as modified on June 5, 2000, is AFFIRMED. |