2000 ME 18

**Ernest LIVINGSTONE**

v.

**A–R CABLE SERVICES
OF MAINE et al.**

Supreme Judicial Court of Maine.

Argued Dec. 7, 1999.
Decided Feb. 4, 2000.

Joseph T. Walsh Jr., Bangor, for employee.

Stephen J. Burlock (orally), Weatherbee, Woodcock, Burlock & Woodcock, P.A., Bangor, for Maine Employers' Mutual Ins. Co.

Christopher J. Cotnoir (orally), Ronald A. Ducharme, Wheeler & Arey, P.A., Waterville, for Commercial Union York Ins. Co.

Sheilah R. McLaughlin (orally), Douglas, Denham, Buccina & Ernst, Portland, for Travelers Ins. Co.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CLIFFORD, J.

[¶ 1] The Travelers Insurance Company, one of the insurers for the employer A–R Cable Services of Maine, appeals from a decision of the Superior Court, (Kennebec

County, *Studstrup*, J.), vacating an apportionment decision of an arbitrator appointed pursuant to 39–A M.R.S.A. § 354 (Supp.1998).[1] The same decision of the arbitrator is also before us via a different avenue, namely a petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1999). The petition for appellate review was brought by A–R Cable Service, through its insurer, Commercial Union Insurance Company. We have consolidated that petition with the appeal from the Superior Court. Because we conclude that the proper avenue to seek appellate review of a section 354 apportionment decision of the Bureau of Insurance is an appeal to the Superior Court pursuant to M.R. Civ. P. 80C, we dismiss Commercial Union's 39–A M.R.S.A. § 322 appeal. Concluding that the arbitrator did not exceed his authority in its decision apportioning liability between the insurers pursuant to 39–A M.R.S.A. § 354 (Supp.1998), *amended by* P.L.1999, ch. 354, § 9 (Pamph.1999) (effective September 18, 1999), we vacate the decision of the Superior Court and remand for entry of a judgment affirming the arbitrator.

I.

[¶ 2] The employee, Ernest Livingstone, suffered three work-related neck and shoulder injuries while employed as a line technician for A–R Cable. The first injury occurred in 1991, during a time when Travelers was the insurer for A–R Cable. Livingstone's second work related injury took place in 1992 when Commercial Union was A–R Cable's insurer. Livingstone was injured a third time, in 1993, when Maine Employers' Mutual Insurance Co. (MEMIC) was the insurer. The insurers disputed which of the injuries were responsible for Livingstone's incapacity and the benefits paid to him.

[¶ 3] Apportionment of liability between insurers is governed by 39–A M.R.S.A. § 354. The applicable version of section 354 provides, in pertinent part:

1. **Applicability**. When 2 or more occupational injuries occur, during either a single employment or successive employments, that combine to produce a single incapacitating condition and more than one insurer is responsible for that condition, liability is governed by this section.

2. **Liability to employee**. If an employee has sustained more than one injury while employed by different employers, or if an employee has sustained more than one injury while employed by the same employer and that employer was insured by one insurer when the first injury occurred and insured by another insurer when the subsequent injury or injuries occurred, the insurer providing coverage at the time of the last injury shall initially be responsible to the employee for all benefits payable under this Act.

3. **Subrogation.** Any insurer determined to be liable for benefits under subsection 2 must be subrogated to the employee's rights under this Act for all benefits the insurer has paid and for which another insurer may be liable. Any such insurer may, in accordance with rules adopted by the Superintendent of Insurance, file a request for appointment of an arbitrator to determine apportionment of liability among the responsible insurers. The arbitrator's decision is limited to a choice between the submissions of the parties and may not be calculated by averaging. Within 30 days of the request, the Superintendent of Insurance shall appoint a neutral arbitrator who shall decide, in accordance with the rules adopted by the Superintendent of Insurance, re-

---

1. Title 39–A M.R.S.A. § 354 has been recently amended to remove reference to and the authority of the Bureau of Insurance to decide apportionment. The statute now vests that authority to determine apportionment in the Board. *See* P.L.1999, ch. 354, § 9 (codified at 39–A M.R.S.A. § 354 (Pamph.1999)) (effective September 18, 1999). None of the parties have argued that the recently amended statute applies to the present appeal.

spective liability among or between insurers. Arbitration pursuant to this subsection is the exclusive means for resolving apportionment disputes among insurers and the decision of the arbitrator is conclusive and binding among all parties involved. Apportionment decisions made under this subsection may not affect an employee's rights and benefits under this Act.

39–A M.R.S.A. § 354 (Supp.1998), *amended by* P.L.1999, ch. 354, § 9 (Pamph.1999).

[¶ 4] In 1994, the insurers sought an arbitration before the Bureau of Insurance and a neutral arbitrator was appointed pursuant to section 354(3). In 1995, however, prior to the arbitration, the parties agreed to proceed before the Board with petitions related to the 1991, 1992, and 1993 injuries. In 1996, a hearing officer of the Board awarded Livingstone protection of the Act for the 1991 injury, but did not find the 1991 injury responsible for Livingstone's incapacity. She found Commercial Union and MEMIC equally responsible for that incapacity, and divided liability for benefits equally between Commercial Union and MEMIC as a result of the 1992 and 1993 injuries. The hearing officer completed her term prior to responding to motions for further findings, however, and the parties agreed to have the case reheard, de novo, before a new hearing officer.

[¶ 5] Following the de novo hearing, the new hearing officer awarded 57% partial incapacity benefits for the period that Livingstone was out of work immediately following the injury, and lower levels of partial incapacity, thereafter, based on the difference between his post-injury and his pre-injury earnings. Pursuant to section 354, responsibility to pay all benefits initially was placed with MEMIC as the insurer providing coverage for the most recent injury. The new hearing officer found further that the three injuries "combined to produce an incapacitating condition at the time of the employee's termination on May 11, 1994, and have

continued to play a causal role in periods of incapacity from that date to the present and continuing."

[¶ 6] MEMIC again sought arbitration through the Bureau of Insurance and, pursuant to section 354(3), an arbitrator was appointed by the Superintendent of Insurance. The insurers submitted proposals for apportionment to the arbitrator pursuant to subsection 354(3). The submissions of MEMIC and Commercial Union provided that liability for Livingstone's benefits be shared equally among the three insurers based on the three injuries. The submission of Travelers, however, proposed that responsibility for the benefits being paid to Livingstone be divided equally between the 1992 and 1993 injuries, with no liability being attributed to Travelers for the 1991 injury. The arbitrator issued a decision in December of 1998 accepting Travelers's submission that responsibility should be split $^5\!/\!_{10}$ between MEMIC and Commercial Union. The arbitrator issued a second "Supplemental Arbitration Decision" in January of 1999, reaffirming his prior decision.

[¶ 7] Uncertain of the proper avenue for appeal, Commercial Union filed a petition for review of final agency action in the Superior Court pursuant to M.R. Civ. P. 80C, and a motion to vacate the arbitrator's decision pursuant to 14 M.R.S.A. § 5938. Commercial Union also filed a petition for appellate review in the Law Court pursuant to 39–A M.R.S.A. § 322 (Pamph.1998).

[¶ 8] The Superior Court granted the motion to vacate the arbitrator's decision, concluding that

[t]he problem with the arbitrator's award in question is that it appears to overturn a finding by the Workers' Compensation Board that all three insurers had some responsibility for payment. In doing so, the arbitrator violated the principles set forth in *Rosetti v. Land Reclamation,* 704 A.2d 312, 315 (Me.1997), that the arbitrator may not

enter into a factual determination of contributive fault. Although the court's review is narrow, it concludes that the arbitrator's award did exceed his authority and that the award should be vacated and remanded for rehearing.

Travelers brought this appeal from the decision of the Superior Court vacating the arbitrator's decision. We also granted Commercial Union's petition for appellate review pursuant to 39–A M.R.S.A. § 322 in order to resolve the issue of the appropriate procedure for appeal from an arbitrator's decision following a proceeding conducted pursuant to section 354, before its recent amendment assigning responsibility for deciding apportionment to the Workers' Compensation Board.

## II.

[¶ 9] We conclude that the proper avenue of appeal from a Bureau of Insurance arbitration decision is the Administrative Procedure Act, 5 M.R.S.A. § 11001, *et seq.* (A.P.A.) (1989 & Pamph.1999) and M.R. Civ. P. 80C. In 39–A M.R.S.A. § 354, the Legislature delegated authority to the Superintendent of the Bureau of Insurance to conduct arbitration proceedings to apportion liability between insurers in workers' compensation cases. Title 24–A M.R.S.A. § 236 provides that appeals from actions taken by the Bureau of Insurance "shall occur in [ ]conformity with" the Maine Administrative Procedure Act, Title 5, chapter 375, subchapter VII [5 M.R.S.A.

§ 11001, et seq. (1989 & Pamph.1999) ].[2] Rule 80C governs procedure applicable to administrative appeals brought pursuant to the Administrative Procedure Act. Section 11001(1) of the A.P.A., applicable to adjudicatory proceedings, provides:

Except where a statute provides for direct review or review of a pro forma judicial decree by the Supreme Judicial Court or where judicial review is specifically precluded or the issues therein limited by statute, any person who is aggrieved by final agency action shall be entitled to judicial review thereof in the Superior Court in the manner provided by this subchapter. Preliminary, procedural, intermediate or other nonfinal agency action shall be independently reviewable only if review of the final agency action would not provide an adequate remedy.

5 M.R.S.A. § 11001(1).

[¶ 10] The arbitrator's apportionment decision pursuant to section 354 is an "adjudicatory proceeding." *See* 2 KENNETH CULP DAVIS & RICHARD J. PIERCE, JR., ADMINISTRATIVE LAW TREATISE, §§ 6.1, 8.1 (3rd Ed.1994). The A.P.A. defines an "adjudicatory proceeding" as "any proceeding before an agency in which the legal rights, duties or privileges of specific persons are required by constitutional law or statute to be determined after an opportunity for a hearing." 5 M.R.S.A. § 8002(1) (1989). The arbitration in this case involved the

---

2. Section 236 provides:

§ 236. Appeal from the superintendent

1. In general, judicial review of actions taken by the superintendent or his representatives shall occur in[ ]conformity with the provisions set forth in the Maine Administrative Procedure Act, Title 5, chapter 375, subchapter VII [14 M.R.S.A. § 11001, et seq.].

2. An appeal from the superintendent shall be taken only from an order on hearing, or as to a matter on which the superintendent has failed to hold a hearing after application thereof under section 229, or regarding a matter as to which the superintendent has failed to issue an order after hearing as required by section 235.

3. Any person who was a party to the hearing may appeal from an order of the superintendent within 30 days after receipt of notice. Any person not a party to the hearing whose interests are substantially and directly affected and who is aggrieved by an order of the superintendent may appeal within 40 days from the date the decision was rendered. If the appeal is taken from the superintendent's failure or refusal to act, the petition for review shall be filed within 6 months of the expiration of the time within which the action should reasonably have occurred.

24–A M.R.S.A. § 236 (1989).

legal rights of specific individuals, and is therefore distinguishable from rulemaking.[3] Moreover, the sole responsibility of the Bureau of Insurance pursuant to subsection 354(3) is to appoint an arbitrator, who issues an arbitration decision. Since there is no further action expected from the Bureau, and no further administrative review available, the arbitration decision was final agency action and is appealable to the Superior Court.

### III.

[¶ 11] Commercial Union and MEMIC contend that, because the Board found that all three injuries contributed to Livingstone's ongoing incapacity, the arbitrator lacked authority to accept a proposal submitted by one of the parties that relieved an insurer at the time of one of those injuries of responsibility for the employee's ongoing condition. They suggest that, if the arbitrator had accepted a proposal attributing just one percent responsibility for Livingstone's condition to the 1991 injury, then such a decision by the arbitrator would not have been in excess of its authority. They contend, however, that the arbitrator lacked authority to adopt a submission assigning no responsibility to the 1991 injury. We disagree.

[¶ 12] The standard for determining whether an arbitrator exceeded his authority is "an extremely narrow one." *AFSCME Council 93 v. City of Portland,* 675 A.2d 100, 102 (Me.1996); *see also Maine Cent. R. Co. v. Bangor & Aroostook R.R. Co.,* 395 A.2d 1107, 1122 (Me.1978). Section 354(3) grants authority to the Superintendent of Insurance to determine apportionment from among the submissions of the parties, and there is little for a reviewing court to judge.

[¶ 13] As we stated in *Rosetti v. Land Reclamation,* 704 A.2d 312, 315 (Me.1997), the arbitrator "is limited to a choice between apportionment proposals submitted by the insurers." It is quite conceivable that in some cases none of the apportionment proposals submitted by the insurers would be completely consistent with the findings of fact made by the Board. Travelers' submission did not strictly comport with findings made by the Board, but we cannot say that the Travelers' proposal does not reflect a division of responsibility for the injuries that is closer to reality. Travelers' proposal may more closely reflect which of the injuries actually contributed to the incapacitating condition suffered by Livingstone, and may be a "better" proposal than the alternative submissions, both of which apportioned responsibility equally among all three insurers. The fact that, from among the proposals submitted to it, the arbitrator selected a proposal that did not conform strictly to the findings of the Board does not, in this case, under our very limited scope of review, compel us to conclude that the arbitrator exceeded his authority.

The entry is:

The appeal from the arbitrator's decision pursuant to 39–A M.R.S.A. § 322 is dismissed. Judgment of the Superior Court vacated. Remanded to the Superior Court with instructions to enter judgment affirming the arbitrator's decision.

---

3. The A.P.A. expressly excludes adjudicatory decisions of the Board from application of the A.P.A. provisions governing adjudicatory proceedings. Title 5 M.R.S.A. § 9051(1) delineates the scope of the adjudicatory proceedings subchapter, and provides that, "[i]n any adjudicatory proceedings, *except those proceedings involving* correctional facilities, *the Workers' Compensation Board* or the State Parol Board, the procedures of this subchapter apply." 5 M.R.S.A. § 9051(1) (Pamph. 1999) (emphasis added). *See Kuvaja v. Bethel Sav. Bank,* 495 A.2d 804, n. 3 (Me.1985). Arbitration in this case is not an adjudicatory proceeding of the Board, but of the Bureau of Insurance, and is therefore not excluded from the application of the A.P.A.