2002 ME 56

**COMMERCIAL UNION INSURANCE CO. et al.**

v.

**MAINE EMPLOYERS' MUTUAL INSURANCE CO. et al.**

No. Ken–01–488.

Supreme Judicial Court of Maine.

Argued: Dec. 5, 2001.
Decided: April 8, 2002.

Thomas R. Kelly, Esq. (orally), Lawrence B. Goodglass, Esq., Robinson Kriger & McCallum, Portland, for plaintiff.

Richard D. Tucker, Esq. (orally), Tucker & Dostie, P.A., Bangor, for defendant.

Wayne W. Whitney, Esq., Topsham, for employee.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Maine Employers' Mutual Insurance Company (MEMIC) appeals from a judgment entered in the Superior Court (Kennebec County, *Atwood, J.*) vacating an apportionment by an arbitrator appointed by the Bureau of Insurance pursuant to 39–A M.R.S.A. § 354 (Supp.1998).[1] MEMIC asserts that the Superior Court exceeded the scope of its judicial review or, in the alternative, that there was ample support for the arbitrator's apportionment. We agree that the Superior Court exceeded the scope of its judicial review and, therefore, vacate and remand with instructions to affirm the decision of the arbitrator.

## BACKGROUND

[¶ 2] Bruce Agren, the employee in the underlying workers' compensation case, was employed by Allen Rogers Limited. In April of 1993, Agren suffered a crush and degloving injury to his right hand. As

---

1. Section 354 was amended by P.L.1999, chapter 354, § 9, as codified at 39–A M.R.S.A. § 354 (2001). Former section 354 has been amended to give authority to hearing officers to determine apportionment issues. *See* P.L. 1999, ch. 354, § 9 (codified as amended at 39–A M.R.S.A. § 354 (2001)); *Livingstone v. A–R Cable Servs. of Maine*, 2000 ME 18, ¶ 1 n. 1, 746 A.2d 901, 902 n. 1. Neither party contends that the amended section 354 applies to the present appeal.

the employer's insurer, Commercial Union Insurance Co. (CU) was at risk for that injury. In November of the same year, Agren sustained a left hand carpal tunnel syndrome injury to his dominant left hand. At the time his employer was insured by MEMIC.

[¶ 3] In 1996 Agren filed two petitions for awards of compensation with the Workers' Compensation Board (WCB) as a result of the two work related injuries. In August 1996, pursuant to 39–A M.R.S.A. § 313(1),(2) (2001), representatives for Agren, CU, and MEMIC participated in a mediation, which resulted in an agreement that "CU will pay 30% and Memic will pay 70%."

[¶ 4] In the spring of 1998, the parties filed a number of petitions with the WCB. In addition, MEMIC filed a demand for arbitration pursuant to 39–A M.R.S.A. § 354 (Supp.1998). As required by section 354, the-Bureau of Insurance appointed an arbitrator to determine the appropriate apportionment. At the request of the parties, the arbitrator deferred his work until after the WCB proceeding was concluded. In its December 1999 decree, a hearing officer of the WCB observed that there was "no procedural vehicle for the Board to adjust th[e] allocation established by the parties." He added, that "[e]ven if the issue were properly before the Board, [Agren's] restrictions have remained the same since the August 1996 mediation, and there is no persuasive evidence that a different allocation would be more appropriate."

[¶ 5] Following the WCB decision the arbitrator reviewed Agren's testimony, medical testimony, medical records, the 1996 Record of Mediation, the WCB's 1999 decision, and the parties position papers. MEMIC asserted that the proper apportionment should be 50/50. CU argued that the 1996 70/30 agreement was binding on

the arbitrator. In the alternative, CU agreed that the evidence supported a 50/50 apportionment if the arbitrator was not bound by the parties' prior agreement. Pursuant to the then applicable apportionment statute, 39–A M.R.S.A. § 354 (Supp. 1998), the arbitrator's decision was limited to a choice between the submissions of the two parties. In a May 2000 award, the arbitrator concluded that the prior agreement was not binding "for all time" and adopted the 50/50 apportionment urged by MEMIC.

[¶ 6] Contending that the arbitrator was required to uphold the 70/30 split set forth in their prior agreement or, in the alternative, to remand to the Bureau of Insurance for a determination of whether there was any evidence to justify a revision of that agreement, CU filed in the Superior Court a Rule 80C petition for review of final agency action. As we have stated, appeals from arbitration awards pursuant to former section 354 are governed by the Maine Administrative Procedure Act (APA). *See Livingstone v. A–R Cable Servs. of Maine*, 2000 ME 18, ¶ 9, 746 A.2d 901, 904 (APA governs the avenue of appeal from apportionment arbitration pursuant to former section 354). 5 M.R.S.A. § 11001–11008 (1989). MEMIC contended that the arbitrator's award should be upheld because there was an apportionment dispute; the Bureau of Insurance was required to appoint an arbitrator to resolve it; the arbitrator was required to choose between the submissions of the parties; and he did. After briefing and oral argument, the Superior Court vacated the arbitrator's award stating that "the appointment of an arbitrator to revisit the apportionment agreement between these two parties was improper as there was no dispute for him to act on, the parties having agreed to an apportion-

ment ratio." It is from this decision that MEMIC appeals.

## DISCUSSION

▮▮ [¶ 7] CU contends that the 1996 mediated agreement is binding, and, therefore, the arbitrator acted outside his authority in arriving at an apportionment that is inconsistent with that agreement. CU is correct that a signed mediation agreement is binding on the parties to the same extent as a final decree by a hearing officer, *see Bureau v. Staffing Network, Inc.*, 678 A.2d 583, 590 (Me.1996), however, mediation agreements, like formal decrees, can be modified upon a finding of "changed circumstances." Because both parties concede that the current medical evidence supports a 50/50 apportionment, the arbitrator may have concluded that there were changed circumstances.

▮ [¶ 8] As we have said the standard for determining whether an arbitrator exceeded his authority is "an extremely narrow one." *Livingstone*, 2000 ME 18, at ¶ 11, 746 A.2d at 905 (citing *AFSCME, Council 93 v. City of Portland*, 675 A.2d 100, 102 (Me.1996) and *Maine Cent. R. Co. v. Bangor & Aroostook R. Co.*, 395 A.2d 1107, 1122 (Me.1978)). When an arbitrator stays within the scope of its authority, the award will not be vacated even when there is an error of law or fact. *See, e.g., Bennett v. Prawer*, 2001 ME 172, ¶ 8, 786 A.2d 605, 608; *Union River Valley Teachers Assoc. v. Lamoine Sch. Comm.*, 2000 ME 57, ¶ 5, 748 A.2d 990, 991–92; *Board. of Dirs. of Maine S.A.D. 33 v. Teachers' Ass'n*, 395 A.2d 461, 463 (Me.1978); *Cape Elizabeth Sch. Bd. v. Cape Elizabeth Teachers' Ass'n*, 459 A.2d 166, 174 (Me. 1983).

[¶ 9] Moreover, in *Livingstone*, 2000 ME 18, at ¶ 13, 746 A.2d at 905, we held that the arbitrator did not exceed its authority in selecting one of the apportionment pro-

posals of the parties, even though its selection did not conform to the findings of a hearing officer of the Board. Accordingly, we cannot say that the arbitrator exceeded his authority when he accepted MEMIC's proposal.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to affirm the decision of the arbitrator.