STATE OF MAINE
HANCOCK, ss

SUPERIOR COURT
DOCKET NO. CV-10-19

CARRIE ANDERSON, DEBORAH COLLINS
LIELA B. JOHNSON AND REBECCA YORK

    Plaintiffs,

v.

CONSTANCE BANKS, WILLIAM BANKS, JR.,
AND MARY L. BANKS

    Defendants.

RECEIVED & FILED

FEB 22 2011

HANCOCK COUNTY
COURTS

## Decision and Order

This matter was before the Court on February 11, 2011, for oral argument on pending motions. Plaintiff filed a Motion to Vacate an Arbitration Award dated May 21, 2010. Plaintiff then filed a Motion for Judgment on the Pleadings under date of November 5, 2010. Under date of December 10, defendants filed a Motion to Dismiss. Subsequently, under date of January 4, 2011, plaintiff filed a Motion to exempt this matter from Rule 16B, M.R.Civ.P. (ADR). The Court has reviewed the written submissions by the parties, including attachments and exhibits together with the oral arguments of counsel.

At the conclusion of the hearing, the Court Ordered that the ADR requirements and related time lines are stayed until the remaining motions referred to above, are resolved.

## Factual Context

The Court understands that the underlying dispute involves the plaintiffs, who are sisters, defendants Constance and Willam Banks who are siblings, and the mother of all of the litigants, Mary Banks. Disputes arose between and among the children involving access to their mother and her property, both real and personal, and the general and financial care of Mary Banks. This led to the filing of a Petition in Hancock County Probate Court seeking the appointment of a conservator of Mary Banks.

1

While this Petition was pending, the parties to this litigation participated in a mediation. This mediation led to the parties, or their representatives, signing a Settlement Agreement. The Settlement Agreement contains nineteen paragraphs and is one of the exhibits before this Court. It provides in paragraph 18 of that Agreement for

> Arbitration. The parties agree that any dispute regarding the interpretation, enforcement, implementation or execution of this agreement or the documents necessary to effectuate it will be decided by binding arbitration by Jerrol Crouter. He shall award attorney fees and costs for any such arbitration against the unsuccessful party.

Arbitration was ultimately conducted by Mr. Crouter and he issued a written decision dated April 5, 2010, which is before this Court.[1]

At its most basic, this matter is not complicated. The parties had a dispute and they mediated that dispute, which led to a Settlement Agreement. That Agreement provided for resolution of related disputes to be resolved by Arbitration and that also happened.

Litigation in Superior Court

Plaintiffs have filed a declaratory judgment action (14 M.R.S. § 5953; Pl's Compl. ¶ 21) by which they seek, in Count 1, a declaration that the Settlement Agreement is invalid because it violates the Statute of Frauds (33 M.R.S. § 51). By Count 2, plaintiffs seek a declaration that the Settlement Agreement is illusory and not supported by adequate consideration and therefore invalid. By Count 3, they seek a declaration that the Settlement Agreement does not reflect a meeting of the minds and the Settlement Agreement is therefore invalid. In Count 4, plaintiffs seek a declaration that the Hancock County Probate Court lacked jurisdiction to enter its Orders in the conservatorship matter of Mary Banks (Docket 05-264), dated January 12, 2010, and February 19, 2010, both of which are before this Court. (*See* Pl.'s Compl. Exs. E & F.)

Attached to Plaintiffs' complaint was a Motion to Vacate the award of the Arbitrator, which incorporates

---

[1] Mr. Crouter also issued a Supplemental Decision dated April 19, 2010, dealing with attorney's fees and costs, which is also before this Court.

2

parts of the complaint by reference. The Motion to Vacate is filed pursuant to the Uniform Arbitration Act (14 M.R.S. §§ 5927 et seq.).

## The Arbitration

Plaintiffs' argue that they were compelled to arbitrate by Order of the Probate Court and should not be bound by the Arbitration Award, which the Plaintiffs here allege was and is a nullity. I do not agree with that conclusion.

Judge Patterson's Order of January 12, 2010, dealt with a number of matters concerning the Settlement Agreement, only one of which was to direct the parties to arbitrate before Jerrol Crouter (Exhibit E to Plaintiff's complaint at pg. 6), the arbitrator before whom the parties had agreed to arbitrate in their Settlement Agreement. It is true that the Uniform Arbitration Act at 14 M.R.S. 5943, makes it clear that the "court" referred to in that statute is the Superior Court and not the Probate Court. While Plaintiffs point to their multiple filings and objections to proceeding with arbitration, (see Pl.'s Compl. ¶¶ 13, 14, & 15), in suggesting they were compelled to participate in the arbitration as a result of the Probate Court Order, there is no evidence that plaintiffs sought relief or stay of the arbitration proceedings that is and was available under 14 M.R.S. § 5928. The evidence persuades the Court that by executing their Settlement Agreement, Plaintiffs had already voluntarily agreed to arbitrate before Mr. Crouter.

A review of submissions by the parties satisfies this Court that the parties had an agreement to submit issues to arbitration and that all parties, absent seeking relief under 14 M.R.S. § 5928, voluntarily participated in the arbitration. The issues of the validity of the Settlement Agreement as to all parties has been litigated and decided by the Probate Court and those related issues will not be relitigated before this Court based on res judicata and the Probate Court's decision of January 12, 2010.

## Arbitration Process

From this Court's perspective, the Uniform Arbitration Act (UAA) vests jurisdiction 'only' in the Superior Court with regard to an arbitration agreement, 14 M.R.S. § 5927, and the mechanics of following through with that agreement.

3

In a case such as this, the UAA does not transfer to the Superior Court authority to decide issues that are properly before the Probate Court. While the validity of the Settlement Agreement is before the Probate Court, the implementation of the arbitration of that agreement is before the Superior Court. Any Orders of the Probate Court implementing an arbitration agreement under 14 M.R.S. 2927 et seq. are a nullity. At its most basic operation, the UAA defines a process to implement a contract.[2]

The Superior Court does not act as an appellate court with respect to an arbitration award. The authority of the Superior Court under the UAA is very limited upon the issuance of an arbitration award:

> "As we have said the standard for determining whether an arbitrator exceeded his authority is "an extremely narrow one." *Livingstone*,2000 ME 18, at P 11, 746 A.2d at 905 (citing *AFSCME, Council 93 v. City of Portland*, 675 A.2d 100, 102 (Me. 1996) and *Maine Cont. R. Co. v. Bangor & Aroostook R. Co.*, 395 A.2d 1107, 1122 (Me. 1978)). When an arbitrator stays within the scope of its authority, the award will not be vacated even when there is an error of law or fact. *See, e.g.*, *Bennett v. Prawer*, 2001 ME 172, ¶ 8, 786 A.2d 605, 608; *Union River Valley Teachers Assoc. v. Lamoine Sch. Comm.*,2000 ME 57, ¶ 5, 748 A.2d 990, 991-92;; *Cape Elizabeth Sch. Bd. v. Cape Elizabeth Teachers Ass'n*, 459 A.2d 166, 174 (Me. 1983)."

*Commercial Union Ins. Co. v. Me. Employers' Mut. Co.*, 2002 ME 56, ¶ 8, 794 A.2d 77, 80.

This Court can either affirm the award (14 M.R.S. § 5937) upon application of a party or vacate the award (14 M.R.S. § 5938), again upon application of a party.[3] Nothing more than that.

---

[2] I respectfully disagree with the learned Probate Court Judge with respect to the UAA and Section 5943. I do not interpret the plain meaning of the UAA to divide jurisdiction between Probate and Superior Courts on issues relating to stay or compulsion, 14 M.R.S. § 5928, or the process and confirmation or vacation of an award, *id*. §d (§ 5929-44. I do agree that the Superior Court never acquires jurisdiction over the "entire, pending conservatorship proceeding" (Patterson decision of August 3, 2010, Def. Bank's Opposition to Pl.'s Motion to Vacate Ex. N).

[3] The Court notes that there is no Motion for Confirmation pending before this Court in this matter.

4

The application before the Court by the plaintiffs is to vacate the award. By statute there are 6 grounds upon which an award can be vacated. They are:

A. The award was procured by corruption, fraud or other undue means;
B. There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the right of any party;
C. The arbitrators exceeded their powers;
D. The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provision of Section 5931, as to prejudice substantially the rights of parties;
E. There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 5928 and the party did not participate in the arbitration hearing without raising the objection
F. The award was not made within the time fixed therefor by the agreement or, if not so fixed within such time as the court ordered, and the party has not wived the objection.

14 M.R.S. § 5938(1).


Probate Court Jurisdiction

As previously noted, this Court agrees that the Probate Court lacks jurisdiction to *compel* arbitration under 14 M.R.S. § 5928. For reasons stated above, however, this Court finds and concludes that the parties voluntarily participated in the arbitration before Mr. Crouter and the arbitration thus does not, as the Plaintiffs argue, constitute a nullity.


Arbitrator did not exceeded his authority
under 14 M.R.S. § 5938(1)(C)

Plaintiffs' argue that the arbitrator exceeded the scope of authority granted him by virtue of the parties' Settlement Agreement. The Court does not agree.

5

In his decision the arbitrator evaluated Plaintiffs' defenses and expressly decided that the Settlement Agreement was unenforceable. Plaintiffs allege that the agreement violated the statute of frauds, was illusory and the product of mutual mistake.[4] Furthermore, Plaintiffs argue that the arbitrator had no authority under the arbitration agreement to do that since his authority was limited to "the interpretation, enforcement, implementation or execution of this agreement or the documents necessary to effectuate it . . . ."

The Law Court has provided some guidance in evaluating arbitration awards. It directed:

> We must uphold the court's confirmation of an arbitration award unless it was compelled to vacate the award. *Concord Gen. Mut. Ins. Co. v. Northern Assurance Co.,* 603 A.2d 470, 472 (Me. 1992). The Union bears the burden of proving one of the specified grounds requiring the court to vacate the arbitration award. *Id.* The Union alleged that the arbitrator exceeded his power in fashioning the remedy. 14 M.R.S.A. § 5938(1)(C). The standard for determining whether. an award exceeds an arbitrator's power is an extremely narrow one. *City of Lewiston v. Lewiston Firefighters Ass'n, IAF, Local No. 785,* 629 A.2d 50, 52 (Me. 1993). We will uphold an arbitrator's award if any rational construction of the agreement could support the award. *Id.* The agreement must be broadly construed and all doubts will generally be resolved in favor of the arbitrator's authority. *Caribou Bd. of Educ. v. Caribou Teachers Ass'n,* 404 A.2d 212, 215 (1979). <u>Regardless of how we might interpret an agreement, an arbitrator does not exceed his authority if the arbitrator's interpretation, even if erroneous, nevertheless was rationally derived from the agreement.</u> *Maine State Employees Ass'n v. State, Dep't of Defense,* 436 A.2d 394, 397 (Me. 1981). <u>In reaching a conclusion, however, arbitrators may not travel outside the agreement.</u> *Id.* (citation omitted). If they did so, they would not be interpreting and applying the collective bargaining agreement. *Id.* Rather, they would be basing their conclusion on their own individual concept of justice in the particular area

---

[4] These issues have been argued and decided by the Arbitrator and/or the Probate Court and those decisions are *res judicata* and will not be disturbed by this Court.

6

> involved. *Id.* An arbitrator does not have unfettered discretion and may not fashion a remedy that directly contradicts the language of the agreement. *Eastern Me. Medical Ctr., Inc. v. Maine State Nurses Ass'n*, 866 F. Supp. 607, 609 (D. Me 1994).

*AFSCME Council 93 v. City of Portland*, 675 A.2d 100, 102 (Me. 1996) (emphasis added).

In applying that law to these facts, this Court is satisfied that the express and implied direction given by the parties in the Settlement Agreement reflected express and implied authority to evaluate and arbitrate the plaintiffs'/arbitration respondents' defenses to the enforcement of the Settlement Agreement. This Court interprets the Settlement Agreement to contain that authority.

Plaintiffs' counsel argued that if the language in paragraph 18 of the Settlement Agreement had included the words 'enforceability' as opposed to just interpretation, enforcement or implementation, THEN the arbitrator would have been acting within his contractual authority. In reality, the Plaintiffs' contention on this point is form over substance. If we are to interpret agreements broadly and in favor of arbitration authority, *AFSCME Council 93*, 675 A.2d at 102, then this Court interprets this Settlement Agreement as giving the arbitrator the authority, at the outset, to decide if the agreement is enforceable or capable of enforcement. If not, then the whole exercise of signing/initialing the Settlement Agreement and the related mediation becomes nothing more then an exercise, if not a game, where one side is lacking good faith from the outset.[5]

## Arbitrator's decision was not procured by undue means or bias under 14 M.R.S. §5938(1)(A)-(B)

On this point, as the Court understands their argument, Plaintiffs argue that it is "sheer fantasy" to expect that they had any reason to conclude that the

---

[5] Plaintiffs further argue a separate standard to vacate the Arbitration Award in that the arbitrator decision manifested a disregard for governing law or was arbitrary and capricious. The Court rules that this argument is subsumed in 14 M.R.S. § 5938(1)(C). Likewise, the arbitration record supports the conclusion that the arbitrator's decision is supported on the record and neither arbitrary or capricious.

7

mediator/arbitrator, Mr. Crouter, had 'negotiated' an invalid agreement (i.e. that they were relying that mediator Crouter to have produced a valid agreement as opposed to the 'invalid' one that they allege was produced — reflecting undue means or bias). The facts as presented by the parties, and accepted by the Court, reflect that the Settlement Agreement was negotiated over a significant number of hours through significant drafts and modifications. Each side was represented by counsel. At no point does the evidence suggest that the language of the Settlement Agreement was drafted by the mediator/arbitrator as opposed to by the parties or their representatives. The Court is satisfied that the Settlement Agreement was the product of arms length negotiation and reflects neither bias nor undue means by the mediator in accomplishing the Settlement Agreement. 14 M.R.S. § 5938(1)(A)-(B). Similarly, the arbitration and the arbitration award, being conducted by an arbitrator agreed to by both sides, does not reflect explicit nor implicit bias or that it was the product of undue means. *Id.* § 5938(1)(B). Neither does the record before this Court suggest that the arbitration was the product of evident partiality or misconduct prejudicing the parties rights.

The Court does not separately address 14 M.R.S. § 5938(1)(E)-(F), having seen no facts in the record or argument of counsel raising either of these sections as grounds to vacate the arbitrator's decision in this matter.

Motion to Dismiss

Defendant William A. Banks, Jr., has filed a Motion to Dismiss Plaintiffs' complaint. The thrust of this Motion is that the plaintiffs' declaratory judgment action is to re-litigate the issues properly decided by the Probate Court and the subsequent Arbitration decision and that Plaintiffs' remedy lies with the UAA. This Court agrees with that analysis and grants that Motion to Dismiss Plaintiffs' Complaint.

The entry is:

Based on the foregoing, Plaintiffs' Motion to Vacate the Arbitration Awards of April 5 and April 19, 2010 (and Motion to Award Fees to Arbitration Respondents), in Probate Docket No. 05-264 and Superior Court Docket No. 2010-19 is denied.

8

Based on the foregoing, Plaintiffs' Motion for Judgment on the Pleadings with respect to counts 1 and 2 of Plaintiffs' Complaint is denied.

Based on the foregoing, Defendant Banks' Motion to Dismiss Plaintiff's Complaint is granted.

At the direction of the Court, this Order shall be incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

February 22, 2011

Kevin M. Cuddy
Justice, Superior Court

A TRUE COPY.
Attest _____ Clerk of Courts

9

CARRIE B ANDERSON  - PLAINTIFF
127 MEADOW LANE
WINTERPORT ME 04496
Attorney for: CARRIE B ANDERSON
BARRY MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

Attorney for: CARRIE B ANDERSON
SALLY N MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

DEBORAH B COLLINS  - PLAINTIFF
117 WEBSTER ROAD
SWANVILLE ME 04915
Attorney for: DEBORAH B COLLINS
BARRY MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

Attorney for: DEBORAH B COLLINS
SALLY N MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

LIELA B JOHNSON  - PLAINTIFF
88 MAPLE STREET
BANGOR ME 04401
Attorney for: LIELA B JOHNSON
BARRY MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

Attorney for: LIELA B JOHNSON
SALLY N MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

REBECCA YORK  - PLAINTIFF
82 ROCKY SHORE DRIVE
NORTH ORRINGTON ME 04474
Attorney for: REBECCA YORK
BARRY MILLS  - RETAINED 05/24/2010
HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605

Attorney for: REBECCA YORK
SALLY N MILLS  - RETAINED 05/24/2010

SUPERIOR COURT
HANCOCK, ss.
Docket No  ELLSC-CV-2010-00019

**DOCKET RECORD**

HALE & HAMLIN
PO BOX 729
ELLSWORTH ME 04605


vs

CONSTANCE BANKS - DEFENDANT
P O BOX 152
FRANKFORT ME 04438
Attorney for: CONSTANCE BANKS
RANDOLPH A MAILLOUX - RETAINED 06/02/2010
MAILLOUX & MARDEN PA
151 HIGH STREET
BELFAST ME 04915

Attorney for: CONSTANCE BANKS
WILLIAM ROBITZEK - RETAINED 10/26/2010
BERMAN & SIMMONS
129 LISBON STREET
PO BOX 961
LEWISTON ME 04243-0961


WILLIAM BANKS JR - DEFENDANT
P O BOX 385
SWANS ISLAND ME 04685
Attorney for: WILLIAM BANKS JR
WILLIAM ROBITZEK - RETAINED 06/01/2010
BERMAN & SIMMONS
129 LISBON STREET
PO BOX 961
LEWISTON ME 04243-0961

Attorney for: WILLIAM BANKS JR
RANDOLPH A MAILLOUX - RETAINED 10/26/2010
MAILLOUX & MARDEN PA
151 HIGH STREET
BELFAST ME 04915


MARY L BANKS - DEFENDANT
C/O WILLIAM BANKS JR, P O BOX 385
SWANS ISLAND ME 04685
Attorney for: MARY L BANKS
PETER ROY - RETAINED 06/17/2010
ROY BEARDSLEY WILLIAMS & GRANGER LLC
6 WATER STREET
PO BOX 723
ELLSWORTH ME 04605-0723


Filing Document: COMPLAINT                    Minor Case Type: DECLARATORY JUDGMENT
Filing Date: 05/24/2010

## Docket Events: