STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-15-103

XPRESS NATURAL GAS, LLC

Plaintiff

v.

GNP PARENT LLC, et al,

Defendants

STATE OF MAINE
Cumberland ss Clerk's Office

JUL 08 2015

RECEIVED

ORDER

Before the court are (1) an application by plaintiff Xpress Natural Gas LLC to confirm an arbitration award dated February 4, 2015 against defendants GNP Parent LLC and Cate Street Capital Inc. and (2) a motion by Cate Street to vacate a portion of that arbitration award. The specific portion of the arbitration award that Cate Street seeks to vacate is an award of $1,500,00 against Cate Street on Cate Street's Guarantee of sums owed to Xpress on a Compressed Natural Gas Sale Agreement (CNG Sale Agreement) entered on September 18, 2012.

Under the Maine Uniform Arbitration Act, the court shall confirm an arbitration award unless there are adequate grounds to vacate or modify the award. 14 M.R.S. § 5937. The grounds on which an arbitration award may be vacated are set forth in 14 M.R.S. § 5938, and in this case Cate Street relies on an argument that the arbitrator exceeded his powers within the meaning of 14 M.R.S. § 5938(1)(C).

The scope of this court's review is very narrow. *Stanley v. Liberty,* 2015 ME 21 ¶ 2, 111 A.3d 663, citing *Leete & Lemieux P.A. v. Horowitz,* 2012 ME 71 ¶ 12, 53 A.3d 1106. An arbitration award must be upheld unless the court is compelled to vacate it. *Stanley,* 2015 ME 21 ¶ 23. So long as the arbitrator stays within the scope of his authority, "the award will not be

vacated even when there is an error of law or fact." *Id.,* quoting *Commercial Union Insurance Co. v. Maine Employers Mutual Insurance Co.,* 2002 ME 56 ¶ 8, 794 A.2d 77. The burden of demonstrating that an arbitrator exceeded his authority lies with the parry seeking to vacate the award. *Stanley,* 2015 ME 21 ¶ 23.

In this case Cate Street argues that the arbitrator exceeded his powers in interpreting Cate Street's Guarantee. It is undisputed that the Guarantee in question, which is dated September 18, 2012, was provided by Cate Street in connection with the September 18, 2012 CNG Sale Agreement under which Xpress was to sell compressed natural gas to defendant GNP Parent LLC. *See* Xpress's Application to Confirm Arbitration Award ¶ 4, admitted in Cate Street's April 13, 2015 Objection to Plaintiff's Application to Confirm Arbitration Award. This is confirmed in the language of the Guarantee itself, which is contained in the record as Exhibit 1 to Cate Street's motion to vacate.

Cate Street notes that Xpress's claim relates to defaults in payment that occurred beginning in December 2013 and points to language in the Guarantee stating that the Guarantee "shall automatically terminate on October 1, 2013." Xpress responds that Cate Street ignores the sentence immediately following the language on which it relies.

The specific Guarantee language in dispute provides as follows:

> Notwithstanding any other provision hereof to the contrary, (a) Guarantor may terminate its obligations hereunder upon 30 days' prior written notice to the Beneficiary with respect to transactions as defined in the Agreement (the "Transaction") entered into after the expiration of such 30 day period, and (b) to the extent not earlier terminated pursuant to clause (a), this Guarantee shall automatically terminate on October 1, 2013. However, in either case of termination, no such termination shall affect Guarantor's liability with respect to any Transaction entered into prior to the time the termination is effective, which Transaction shall remain guaranteed pursuant to the terms of this Guarantee.

2

Guarantee ¶ 1 (emphasis added).

When an arbitrator's decision rests on interpretation of a contract, an arbitrator exceeds his authority under 14 M.R.S. § 5938(1)(C) only if "all fair and reasonable minds would agree that the construction of the contract made by the arbitrator was not possible under a fair interpretation of the contract." *Stanley v. Liberty,* 2015 ME 21 ¶ 26, quoting *Granger Northern Inc. v. Cianchette,* 572 A.2d 136, 139 (Me. 1990). In this case the arbitrator interpreted the reference in paragraph 1 of the Guarantee to "transactions entered into prior to the time the termination is effective" to cover amounts due under the September 18, 2012 CNG Sale Agreement although the Guarantee otherwise terminated on October 1, 2013.[1]

The court is obliged to uphold the arbitrator's award "if any rational construction of the [Guarantee] could support the award," *Stanley v. Liberty,* 2015 ME 21 ¶ 26, and the arbitrator's interpretation here – based on the Guarantee language and on the evidence and testimony offered at a two-day arbitration hearing – was a permissible interpretation of the contract. In submitting a contract dispute to arbitration, the parties bargain among other things for the arbitrator's interpretation of the contract. *See Maine Department of Transportation v. MSEA,* 606 A.2d 775, 777 (Me. 1992). They must live with that interpretation whether or not a court would reach the same result unless there has been a manifest disregard of the contract. *Id.* The court does not find any manifest disregard of the contract in this case.

---

[1] The CNG Sale Agreement itself is not in the record. To the extent that the arbitrator may have based his interpretation of the Guarantee upon the terms of the CNG Sale Agreement, the court must therefore assume that the arbitrator's construction of the CNG Sale Agreement was at least a permissible reading of that agreement.

3

Accordingly, Cate Street's motion to vacate is denied and the arbitration award is confirmed in its entirety.[2] The only remaining question concerns attorney's fees. The Guarantee (¶ 4) includes a provision requiring Cate Street to pay attorneys fees incurred in enforcing the Guarantee, and Xpress argues in its opposition to Cate Street's motion to vacate that Xpress should be awarded the attorney's fees it has incurred in the proceedings before this court. Opposition to Motion to Vacate at 3 n.3. Pursuant to M.R.Civ.P. 54(b)(3), any application for attorneys fees shall be filed within 60 days after entry of this order if no appeal has been filed and in any event shall be filed within 30 days of the final disposition of this action.

The entry shall be:

Defendant Cate Street Capital Inc.'s motion to vacate the arbitration award in part is denied. Plaintiff Xpress Natural Gas LLC's application to confirm the arbitration award in its entirety is granted. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 7, 2015

Thomas D. Warren
Justice, Superior Court

---

[2] The court therefore does not reach Xpress's alterative argument that Cate Street waived any reliance on the October 1, 2013 termination language because it raised that issue for the first time in its post-hearing arbitration brief.

4

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Timothy Norton Esq
Kelly Remmel & Zimmerman
PO Box 597
Portland ME 04112-0597

Plaintiff's Counsel

---

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Brian Champion Esq
Libby O'Brien Kingsley & Champion LLC
62 Portland Raod Suite 17
Kennebunk ME 04043

Defendants' Counsel